**John L. STEBBINS, Jr., Plaintiff-Appellant, Cross-Appellee,**

v.

**John C. WEAVER and Board of Regents of the University of Wisconsin System, Defendants-Appellees, Cross-Appellants.**

**Nos. 75–1845, 75–1846.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1976.

Decided July 7, 1976.

Rehearing and Rehearing En Banc Denied Aug. 3, 1976.

Walter F. Kelly, Milwaukee, Wis., for Stebbins.

Bronson C. La Follette, Atty. Gen., Le Roy L. Dalton, Asst. Atty. Gen., Madison, Wis., for Weaver.

Before CUMMINGS and SPRECHER, Circuit Judges, and STECKLER, District Judge.*

PER CURIAM.

In this civil rights action filed under 42 U.S.C. § 1983, plaintiff, formerly an assistant professor in the Mathematics Department of the University of Wisconsin-Milwaukee, challenges defendants' refusal to grant him tenure. Plaintiff was first employed as an assistant professor in 1965 pursuant to a 3-year contract. Thereafter he received another 3-year contract. At the time of his 1965 appointment plaintiff was informed that with normal development in the areas of teaching, research and community service he could expect to obtain tenure. During his six years' service, he had an extremely successful teaching career and was productive in terms of academic publishing and community service. However, in March 1970, the dean of the College of Letters and Science advised plaintiff that his appointment would terminate in June 1971 upon the expiration of his second contract of employment.

In January 1970, the Executive Committee of the Department of Mathematics voted to deny plaintiff tenure. At its July 1970 meeting, the Executive Committee gave the following reasons for its action:

1. His research was not such as to warrant promotion;

2. His area of complex analysis was adequately covered by tenured faculty in the department.

In late March and early April 1971, the Executive Committee of the Mathematics Department considered whether to reopen its earlier decision regarding plaintiff's tenure. During the four days of hearings, he was given an opportunity to present information concerning his qualifications, but nevertheless the Committee did not change its original decision. Two of the committee members did not attend all the hearings but participated in the final vote. The Committee refused plaintiff's request that the decision be based solely on the evidence adduced at the hearings. It refused to disqualify members who had participated in the earlier decision under review. Plaintiff was not allowed to examine members of the Committee as to the evidence upon which they had made their earlier decisions, and the Committee refused to state in writing the evidence on which it based its determinations. At this session, no information or evidence unfavorable to the plaintiff was presented but information overwhelmingly favorable to him was considered.

Plaintiff's subsequent appeals were respectively denied by the dean of the College of Letters and Science of the University of Wisconsin-Milwaukee, the University Committee there, the president of the University of Wisconsin System and finally by the Board of Regents.

This action against the president and the Board of Regents of the University of Wisconsin System was then instituted. Plaintiff sought a judgment that their decision not to promote and grant him tenure violated his rights under the Fourteenth Amendment. He also sought reinstatement as an assistant professor and an injunction against defendants' filling any tenured positions in the Mathematics Department of the University of Wisconsin-Milwaukee "until a final determination is made in accordance with procedural due process as to whether the Plaintiff should be granted tenure as a professor" in the department.

The district court ultimately granted defendants' motion to dismiss the action on the ground that the complaint failed to state a claim on which relief could be granted. *Stebbins v. Weaver,* 396 F.Supp. 104 (W.D.Wis.1975).

---

* The Honorable William E. Steckler, Chief Judge of the Southern District of Indiana, is sitting by designation.

In his comprehensive opinion, the district judge overruled defendants' contentions that they were not persons within the meaning of 42 U.S.C. § 1983 and that the suit was barred by the Eleventh Amendment. He pointed out that plaintiff had alleged "an explicit, though unwritten, contractual agreement under which he was entitled to tenure provided certain conditions on his part were met, and he has alleged that those conditions were met." 396 F.Supp. at 111. Therefore, Judge Doyle concluded that dismissal for lack of a protected property interest in reemployment would be improper in the absence of whatever evidence plaintiff might be able to submit.

Balancing the interests of the State and the plaintiff, the court decided that he was constitutionally entitled to "some minimal due process." 396 F.Supp. at 112. However, the court found that the procedure followed by the defendants in this case was sufficient to comply with the requirements of due process. We affirm the decision of the district court to dismiss the suit, but we rely on different reasons.

■ Initially, plaintiff attacks the district court's failure to permit him to file an amended and supplemental complaint. Plaintiff sought to file this pleading after the court had rendered but stayed its original ruling. The new complaint alleged no new facts which would have required the court to reconsider its earlier decision. Consequently, the motion to file the complaint was properly denied. *Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir. 1972); *O'Bryan v. Chandler,* 352 F.2d 987, 990–991 (10th Cir. 1965), certiorari denied, 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530.

■ Plaintiff also asserts that the district court should not have decided the merits of this case under Rule 12 of the Federal Rules of Civil Procedure. However, the merits were put in issue by virtue of defendants' motion to dismiss for failure to state a claim upon which relief could be granted and were adequately briefed below. Judge Doyle accepted the truth of the allegations of the complaint, construed liberally to the plaintiff, and considered the entire record before ruling. 396 F.Supp. 106, 117. He even invited further factual information, but none was forthcoming. In such a setting, there was no abuse of Rule 12.

■ Because the case is before us on defendants' motion to dismiss, we also must take as true plaintiff's allegation that he was informed that he could eventually expect tenure if he met certain standards of professional competence. This is of course true of most neophyte members of university faculties, including this very institution. *Board of Regents v. Roth,* 408 U.S. 564, 566–567, 92 S.Ct. 2701, 33 L.Ed.2d 548. As with *Roth,* it is settled that plaintiff "did not have a *property* interest sufficient to require" the Fourteenth Amendment's procedural protections. 408 U.S. at 578, 92 S.Ct. at 2710.[1] Our decision in *Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569 (7th Cir. 1975), certiorari denied, —— U.S. ——, 96 S.Ct. 1748, 48 L.Ed.2d 208, 44 LW 3624 (*Hostrop II*) is not to the contrary, for there the junior college president was discharged in July 1970 even though he had a valid employment contract at least through June 30, 1971.

As to plaintiff's liberty right, there is no allegation that defendants have injured his good name, reputation, honor or integrity by charging him with dishonesty or immorality. He is free to seek another job. There has been no public disclosure of the reasons for the denial of tenure. Therefore he has not been deprived of liberty. *Board of Regents v. Roth, supra,* 408 U.S. at 573–575, 92 S.Ct. 2701; *Bishop v. Wood, supra,* —— U.S. at ——, 96 S.Ct. at 2077, 44 LW at 4822.

1. See also *Bishop v. Wood,* —— U.S. ——, ——————, 96 S.Ct. 2074, 2077–2080, 48 L.Ed.2d 684, 44 LW 4820, 4821–4822. In *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, the plaintiff was entitled to show his entitlement to continued employment because of the *de facto* tenure program at Odessa College.

Plaintiff also asserts that the defendants' arbitrary and capricious action in denying him tenure violated his constitutional right to substantive due process. This argument in effect asks us to review the merits of the decision to deny plaintiff tenure.[2] We decline to do so. The right to substantive due process, as then Judge Stevens admonished, is no greater than the right to procedural due process in this type of case. As seen, Stebbins had no property or liberty right entitling him to procedural due process, and accordingly there is no basis upon which we can say the denial of tenure was error.[3] *Jeffries v. Turkey Run Consolidated School District*, 492 F.2d 1, 4 (7th Cir. 1974); *Miller v. School District Number 167, Cook County, Illinois*, 495 F.2d 658, 660 (7th Cir. 1974); cf. *TA Moynahan Properties, Inc. v. Lancaster Village Corp., Inc.*, 496 F.2d 1114, 1117 (7th Cir. 1974).

Because the due process and other points have been resolved in defendants' favor, it is unnecessary to resolve whether they are "persons" within 42 U.S.C. § 1983 and whether they are immunized by the Eleventh Amendment, as presented by the cross-appeal.

Judgment affirmed.

2. Even if plaintiff were entitled to procedural due process, our scope of review of the tenure decision would be limited to determining whether it was arbitrary or capricious. *Chung v. Park*, 514 F.2d 382, 387 (3d Cir. 1975), certiorari denied, 423 U.S. 948, 96 S.Ct. 364, 46 L.Ed.2d 282, 44 LW 3280; *Thompson v. Gallagher*, 489 F.2d 443, 447 (5th Cir. 1973). However, in cases such as this one, where the decision is based on a subjective evaluation, we would decline to review the merits absent some showing of gross abuse. *Chung v. Park, supra.*

3. Of course, had plaintiff been able to demonstrate that the decision was based on an impermissible discrimination, such as on the basis of race, or made in retaliation for the exercise of a protected right, we would review it. *Hostrop II, supra*, 523 F.2d at 573; *Illinois State Employees Union v. Lewis*, 473 F.2d 561, 568 (7th Cir. 1972), certiorari denied, 410 U.S. 928, 93 S.Ct. 1364, 35 L.Ed.2d 590.