Mark **WEISSBAUM**; **Plaintiff,**

v.

**Joseph P. HANNON et al., Defendants.**

**No. 76 C 2295.**

United States District Court, N. D. Illinois, E. D.

Dec. 20, 1976.

See also, 439 F.Supp. 873.

Lawrence A. Poltrock, Wayne B. Giampietro, Ligtenberg, DeJong, Poltrock & Giampietro, Chicago, Ill., for plaintiff.

Michael J. Murray, Paul H. Heineke, Heineke & Schrader, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on defendants' motion for summary judgment. For the reasons hereinafter stated, the motion shall be granted in part and denied in part with leave to renew at a later date.

The plaintiff, Mark Weissbaum, has filed a three-count complaint invoking this court's jurisdiction under 28 U.S.C. § 1331 and § 1343. He alleges an amount in controversy in excess of $10,000 and that the first and fourteenth amendments and 42 U.S.C. § 1983 were violated by the following defendant:[1] Joseph P. Hannon, General Superintendent of Schools; Guy Brunetti, Assistant Superintendent, Department of Employee Relations; Raymond C. Principe, Director, Bureau of Teacher Personnel; Nina F. Jones, Assistant Superintendent, Department of Personnel; Leo L. Dillon, Principal, Fenger High School; Michael P. Wrenn, Director, Employee Relations; Morton L. Elenbogen, Board Examiner; Frank W. Gardner, Board Examiner; and the Board of Education of the City of Chicago (Board), the employer. Injunctive and monetary relief are sought in each count.

In Count I, Weissbaum alleges the following facts. He was employed by the Board as a full-time temporary teacher at Fenger High School. On or about January 26, 1976, defendants Dillon and Principe requested him to appear at Principe's office. Weissbaum did so and was then given a letter signed by defendant Jones which stated, inter alia, that a matter relating to Weissbaum's employment had been brought to the attention of the Board. See Exhibit A to Complaint. This letter further directed Weissbaum to appear at the office of the Assistant Superintendent of Personnel that same day.

Immediately after receiving the letter, Weissbaum was called into a meeting at which defendants Brunetti, Principe, Jones, and Dillon were present. He was then shown copies of three pages of a certain magazine. Weissbaum admitted that he was involved in the publication of this magazine and further that his picture appeared therein nude from the waist up. Thereupon, defendants dismissed Weissbaum from his employment. Said dismissal is alleged by the plaintiff to be in violation of rights protected by the first and fourteenth amendments.

In Count II, the plaintiff alleges the same facts. In addition, he alleges that he appealed his dismissal through the Board's grievance procedure and that defendants Wrenn, and subsequently Hannon, denied his grievance and affirmed the dismissal. Said action allegedly violated plaintiff's right to due process of law in that (1) plaintiff was not informed of the charges prior to the meeting which resulted in his dismissal, (2) defendants failed to present any evidence to prove any reason or cause for plaintiff's dismissal, (3) those persons who reviewed the grievance—Jones, Principe, Dillon and Wrenn—were, for the most part, the same persons who had made the original decision to terminate plaintiff, and (4) Hannon, in denying the grievance, relied solely upon the reports of others.

In Count III, Weissbaum also premises jurisdiction upon 28 U.S.C. § 1331 and § 1343. Named as defendants are the Board of Education and Hannon, Elenbogen and Gardner, members of the Board of Examiners. Injunctive and monetary relief are sought.

Weissbaum alleges that prior to May 19, 1976, he took and passed the examination given and authorized by defendants for certification as a permanent teacher. He further alleges that on or about May 19, 1976, Gardner notified him by letter that his application was denied based on documents submitted by the Personnel Department concerning events which ended in the termination on January 26, 1976. See Exhibit B to Complaint.

---

1. The individual defendants are all alleged to have been acting under color of law at all times relevant herein.

Weissbaum alleges that this denial of certification, for the reasons stated, violated his right to free speech. Weissbaum further alleges that defendants violated fourteenth amendment due process as (1) he was given no notice of the documents submitted to the Board of Examiners and was given no opportunity to respond thereto, (2) Hannon improperly used information gained in passing upon the prior grievance in reaching the decision to reject the application for certification as a permanent teacher and (3) the statements contained in the letter are harmful to plaintiff; and yet, he has been given no opportunity to respond thereto.

The defendants have moved for summary judgment. However, they have stated at a recent status report on this cause that they are willing to accept the plaintiff's pleadings as true. In essence they evidently are of the opinion that the plaintiff has failed to state a claim upon which relief can be granted but wish to place the publication at issue, together with plaintiff's deposition and a letter from one of the defendants, before the court. Accordingly, the instant motion must be treated as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

█ Initially, defendants argue that the Board is not a proper defendant in this litigation as it is not a person within the language of 42 U.S.C. § 1983 and further, that the United States Supreme Court will hold that the Board is not a proper defendant under 28 U.S.C. § 1331. This argument is frivolous. The court cannot dismiss the Board when this circuit has held that it may be a proper defendant in an action such as this under 28 U.S.C. § 1331. *Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569 (7th Cir. 1975), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976).

Defendants assert that plaintiff's termination did not violate the first amendment. They contend that their action was clearly justified considering their right and duty to pass upon plaintiff's moral qualifications to teach in the public schools. Ill.Rev.Stat. ch. 122, § 34–83.[2] They further argue that they are immune as they acted in good faith as a review of the publication must reveal.

█ The court is of the opinion that it is constitutionally permissible for defendants to inquire into the character and integrity of the plaintiff as a teacher. *See Beilan v. Board of Education,* 357 U.S. 399, 405, 78 S.Ct. 1317, 2 L.Ed.2d 1414 (1958); *Adler v. Board of Education,* 342 U.S. 485, 493, 72 S.Ct. 380, 96 L.Ed. 517 (1952); *Sullivan v. Meade Independent School Dist. No. 101,* 530 F.2d 799 (8th Cir. 1976). Nonetheless, it appears equally clear that public employment cannot be denied in retaliation for the exercise of first amendment rights. *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2513, 33 L.Ed.2d 570 (1972); *Keyishian v. Board of Regents,* 385 U.S. 589, 605–06, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). Thus the teacher's interest as a citizen must be balanced against the legitimate interests of the state as employer. *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

█ The first amendment issue cannot be decided on the record before the court at this time.[3] The sequence of events which preceded plaintiff's dismissal are unclear as are the reasons, if any, stated by defendants as justification for their termination of the plaintiff and for their denial of his teaching certificate.

**2.** This statute provides in part that the Board of Examiners "shall examine all applicants required to hold certificates to teach and the board of education shall issue gratuitously to those who pass a required test of character, scholarship and general fitness, such certificates to each as they are found entitled to receive."

**3.** Defendants have taken the position in their memoranda that the publication at issue could be found obscene on its face, *Miller v. California,* 418 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), but have suggested that such a determination is unnecessary here. The court declines to reach the obscenity issue at this stage of the proceedings as it may be, as defendants state, unnecessary when additional facts are developed.

Also at issue on this motion are Weissbaum's due process claims. It is apparently agreed that the plaintiff, a non-tenured teacher, had no property interest in his employment protected by the fourteenth amendment. Plaintiff contends in his memorandum, however, that a liberty interest as articulated in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), has been infringed. The court disagrees.

 A liberty interest as alleged by Weissbaum is violated when state officials infringe upon one's good name or reputation or impose a stigma foreclosing freedom to take advantage of other employment. *Board of Regents v. Roth, supra,* at 573, 92 S.Ct. 2701; *Adams v. Walker,* 492 F.2d 1003, 1008 (7th Cir. 1974). For said liberty interest to be infringed, the actions of the defendants must take place during termination or a failure to rehire. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Colaizzi v. Walker,* 542 F.2d 969 (7th Cir. 1976). In addition, it must be alleged that the defendants' reasons have been made public. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Stebbins v. Weaver,* 537 F.2d 939, 942 (7th Cir. 1976).

In the instant situation, Weissbaum alleges a denial of procedural due process. He asserts in his memorandum that the aforementioned liberty interest was infringed because the defendants made unfavorable comments resulting in a charge of immorality. Defendants note, however, that Weissbaum has not asserted that these statements have been made public. *See* Deposition of Mark Weissbaum at 74–78. Accordingly, defendants are entitled to judgment.[4]

Weissbaum further alleges that defendants have violated his rights to sub-

stantive due process. When, as here, however a non-tenured teacher has no property or liberty interest entitling him to procedural due process, the court does not believe that there can be a greater right to substantive due process. *Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 4 (7th Cir. 1974); *Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196, 1202 (8th Cir. 1974). Accordingly, these claims are also dismissed.[5]

For the reasons stated, it is therefore ordered that defendants' motion for summary judgment shall be, and the same is hereby, granted as to Count II and the fourteenth amendment due process claims of Count III.

It is further ordered that defendants' motion for summary judgment shall be, and the same is hereby, denied, with leave to renew at a later date, as to Count I and the first amendment claims of Count III.

---

4. Although not clearly articulated by defendants, the court is of the opinion that Weissbaum has in fact failed to state a claim upon which relief can be granted as it is not alleged in his complaint that the reasons for his discharge were made public. *Stebbins v. Weaver, supra.*

5. The court has not decided whether plaintiff's first amendment interest in liberty requires due process. This issue was not raised by the plaintiff.