Beverly J. OTTO, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,

v.

VARIABLE ANNUITY LIFE INSURANCE COMPANY, a Stock Life Insurance Company Organized Under the Laws of the State of Texas, Charles T. Bauer, Mortimer M. Caplin, Henry Chauncey, Harry C. Copeland, Jr., W. Thomas Fiquet, Frederick M. Glass, Grinnel Morris, Roy T. Parker, Jr., Robert S. Phillips, Michael E. Puyans, W. Dawson Sterline, Benjamin N. Woodson, Philip G. Davidson III, Andrew Delaney, Joe F. Flack, Richard H. Hanneman, Harold S. Hook, Marden Miller, John J. Plumb, George F. Reed, Robert L. Baldwin, Stephen D. Bickel, Terrence J. Conlan, Joe D. Heusi, John D. Hogan, William B. Pardue, William C. Phelps, Michael J. Poulos, Robert O. Purcifull, Dinae G. D'Agostino, and Gregory C. Wilcox, Individually Variable Annuity Marketing Company, the Variable Annuity Life Insurance Company Separate Account One and American General Corporation, Defendants.

No. 82 C 4762.

United States District Court, N.D. Illinois, E.D.

Aug. 2, 1985.

Frederick J. Otto, Lowell H. Jacobson/James A. Brandvik/Craig E. Anderson/Herbert I. Rothbart, Chicago, Ill., for plaintiffs.

Randall L. Mitchell, Adams, Fox, Marcus, Adelstein & Gerding, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

ASPEN, District Judge:

Plaintiff's second motion to reconsider and for leave to amend her complaint is denied.

On April 11, 1985, the Court, 611 F.Supp. 83, granted defendants' motion for summary judgment on Counts I and II and dismissed the remainder of plaintiff's amended complaint. Plaintiff filed her first motions for reconsideration and for leave to file a second amended complaint on April 19, 1985. However, plaintiff filed no proposed second amended complaint at that time. On April 26, 1985, the Court denied plaintiff's motions.

Plaintiff filed the motion now before the Court, her second motion to reconsider and for leave to amend the complaint (along with a copy of the proposed pleading), on May 10, 1985. She also filed that day a notice of appeal to the United States Court of Appeals for the Seventh Circuit from the final judgment entered on April 11, 1985, and the order of April 26, 1985—the two rulings she asks this Court to reconsider.

### A.

We first note that although plaintiff claims that her motion comes under Fed.R. Civ.P. 60(b), it is properly viewed as a motion to alter or amend a judgment as al-

lowed under Rule 59(e). Plaintiff essentially asks this Court to correct errors of law; this is not the type of "mistake" referred to in Rule 60(b) but falls within the scope of Rule 59(e). *See, e.g., United States Labor Party v. Oremus,* 619 F.2d 683, 687 (7th Cir.1980); *Dove v. Codesco,* 569 F.2d 807, 809 (4th Cir.1978).[1]

■ Motions under Rule 59(e) must be filed within ten days after entry of judgment, and district courts may not extend this deadline. *Textile Banking Co., Inc. v. Rentschler,* 657 F.2d 844, 849 (7th Cir. 1981). However, plaintiff did not file her second motion to reconsider within ten days—it came twenty-nine days after the Court's April 11 decision and fourteen days after the April 26 ruling. On this basis alone, plaintiff's motion must be denied.

### B.

■ Defendants also argue that plaintiff's motion should be denied because she divested this Court of jurisdiction over the matter when she filed her notice of appeal on May 10, 1985. In general, the filing of an appeal vests jurisdiction in the court of appeals, and further proceedings in the district court cannot take place without leave of the appellate court. *Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir.1972). In this case, the Seventh Circuit has ordered that briefing in plaintiff's appeal shall be held in abeyance pending further order of the Court of Appeals, and that plaintiff's counsel is to report to the Seventh Circuit as to this Court's ruling on plaintiff's motion to reconsider. This order might be construed as granting (though not explicitly) this Court leave to proceed further in deciding plaintiff's motion on the merits. More likely, the Seventh Circuit's order expresses no opinion on the question and leaves it to this Court to decide whether or not it has jurisdiction over plaintiff's motion any longer. If the latter be the case, we agree with defendants that plaintiff's

appeal has vested jurisdiction solely in the Seventh Circuit.

■ Under Fed.R.App.P. 4(a)(4), a notice of appeal has no effect if it is filed before disposition of a timely post-trial motion (including one under Fed.R.Civ.P. 59). However, as explained in Part A above, plaintiff's motion was not timely—it was filed more than ten days after the entry of judgment. *See* 6A J. Moore, Moore's Federal Practice ¶ 59.13[3] (2d ed. 1984). Plaintiff's notice of appeal is therefore effective and divests the Court of jurisdiction.

■ Moreover, the pending motion seeks reconsideration of the Court's order denying plaintiff's first motion to reconsider. A *second* motion to reconsider should not be deemed a timely Rule 59 motion, even if filed within ten days (which is not the case here). 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] (2d ed. 1985) ("Both the text and purpose of Rule 4(a)(4) indicate that it is an *original* motion of the types specified that postpones appeal until after disposition of the motion and the running of the time for appeal is not further extended by a motion to reconsider an order disposing of the motion....") (footnote omitted and emphasis in original). Because plaintiff filed an effective appeal, her second motion to reconsider must be dismissed for lack of jurisdiction.

### C.

Even if plaintiff's motion were timely and this Court had not been divested of jurisdiction by plaintiff's notice of appeal, the motion should be denied. Nothing in plaintiff's motion or memoranda convinces us that our earlier rulings were in error.

■ Our decision that the fixed annuity in this case should not be deemed a security is not contradicted by the Seventh Circuit's holding in *Hunssinger v. Rockford Business Credits, Inc.,* 745 F.2d 484 (7th Cir.1984). *Hunssinger* involved the pur-

---

1. Moreover, plaintiff herself originally treated her motions to reconsider as if they were Rule 59(e) motions. She has acknowledged the Rule's ten-day deadline, both by filing her first

motion within that time period and by explaining in her second motion why her counsel was unable to prepare a proposed second amended complaint within ten days after April 11, 1985.

chase of notes by a profit sharing trust, not the purchase of a fixed annuity. This distinction is significant: "note" is the first term listed in the statutory definition of security, 15 U.S.C. § 78c(a)(10), while an "annuity contract" issued by a regulated insurance company is considered to be an exempted security, 15 U.S.C. § 77c(a)(8).[2] Moreover, the Seventh Circuit's decision was based on the repeated reference to the note as an investment and on the district court's failure to look beyond the document and consider the facts surrounding the promotion and purchase. Contrary to plaintiff's assertion, this Court did indeed consider "what character the instrument is given in commerce by the terms of the offer, the plan of distribution, and the economic inducements held out to the prospect," *SEC v. United Benefit Life Insurance Co.*, 387 U.S. 202, 211, 87 S.Ct. 1557, 1562, 18 L.Ed.2d 673 (1967), in deciding that defendants' fixed annuity was more akin to an insurance product than an investment contract.

Plaintiff's contention concerning her ERISA count merits little response. She cites no authority supporting her claim that our holding necessarily affects the tax deductibility of payments for the fixed annuity, and we do not see the logic of her position. Two different statutes with different purposes are involved; our holding that the fixed annuity plan is not "established or maintained" by plaintiff's employer for the purposes of ERISA should have no effect on the status of her payments under the Internal Revenue Code.

Once more, we decline to reconsider our application of Rule 9(b) to Counts III and IV. Plaintiff's first amended complaint is distinguishable from the complaint we considered in *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308 (N.D.Ill.1983), and in fact is more similar to those found to be insufficient in *D & G Enterprises v. Continental Illinois National Bank and Trust Co. of Chicago*, 574 F.Supp. 263 (N.D.Ill.1983),

and *Lincoln National Bank v. Lampe*, 414 F.Supp. 1270 (N.D.Ill.1976). Thus, plaintiff's second motion to reconsider is denied in its entirety.

## D.

■ Plaintiff's second motion for leave to file another amended complaint should also be denied.

First, plaintiff incorrectly claims that she has satisfied all the requirements set forth by the Seventh Circuit in the recent case of *Twohy v. First National Bank of Chicago*, 758 F.2d 1185 (7th Cir.1985). The Court of Appeals in *Twohy* explained the different standards governing post-judgment and pre-judgment amendments of a complaint: although even after entry of judgment on dismissal "leave [to amend] shall be freely given when justice so requires," Fed.R. Civ.P. 15(a), "justice may require something less in post-judgment situations." *Id.* at 1195-96. The Seventh Circuit repeated its previous holding that

once a district court enters judgment upon a dismissal (as opposed to a mere dismissal of the complaint), the plaintiff may amend the complaint under Rule 15(a), Fed.R.Civ.P., solely with "leave of court" after a motion under Rule 59(e) or 60(b), Fed.R.Civ.P., has been made and the judgment has been set aside or vacated. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). The right under Rule 15(a) to amend "once as a matter of course" is lost after the entry of judgment. *Id.*

*Id.* at 1196. As explained in Parts A–C above, plaintiff's motions to reconsider have been denied. Because the judgment has not been set aside or vacated, plaintiff may not amend her complaint again. Moreover, like the plaintiff in *Twohy*, plaintiff failed to file a proposed amended complaint with her first Rule 59(e) motion to amend the judgment order and request for

---

**2.** The Court of Appeals stated that "an instrument that does not pass the investment contract test may still be a security if it falls under one of

the other specific statutory terms." *Hunssinger,* 745 F.2d at 491. "Note" is one such statutory term; "annuity" is not.

leave to file an amended complaint.[3] Thus, plaintiff did not comply with the requirements for post-judgment amendments described in *Twohy.*

Second, plaintiff's proposed second amended complaint is not offered in good faith. In our April 26, 1985 order denying plaintiff's first motion to amend, we noted that plaintiff not only failed to attach a proposed pleading but also that she

> suggest[ed] that her second amended complaint would respond to "only the *first* motions attacking the Complaint." While it is not clear just what plaintiff intends by this qualification, an amended complaint which disregarded some of defendants' motions and/or this Court's rulings on such motions would not even constitute a good faith effort by plaintiff.

Notwithstanding this admonition, plaintiff repeated her cryptic qualification in her second motion to reconsider and for leave to amend. Motion ¶ 7.

Plaintiff has also failed to conform her proposed second amended complaint to this Court's earlier rulings in several other ways. For example, the proposed complaint lists three individuals besides Otto as named plaintiffs and class representatives in spite of the fact that this Court clearly denied Otto's motion to add them as parties. April 11, 1985 at 88 n. 10. Although the Court certified a class of all Illinois fixed annuity participants between October 17, 1975 and August 2, 1982, plaintiff purports to expand the class beyond June of 1984. Neither Counts I nor II conform in the least to the Court's summary judgment rulings. Count III, among other things, names the same corporation as the liable "person" and the "enterprise" under 18 U.S.C. § 1962(c), although this Court earlier made it clear that this was impermissible. April 11, 1985 at 89. These blatant deviations (and others) from the Court's prior decisions in this case demonstrate a

lack of good faith which justifies denying plaintiff's second motion to amend.

■ Third, once a motion to dismiss (or for summary judgment) has been granted, the district court need not allow an amendment that does not cure the defects of the original complaint. *Textor v. Board of Regents of Northern Illinois University,* 711 F.2d 1387, 1391 n. 1 (7th Cir.1983); *Stebbins v. Weaver,* 537 F.2d 939, 942 (7th Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977); *see also Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061, 1063 (7th Cir.1979) (court may deny leave to amend where proposed amendment fails to allege facts which would support a valid theory of liability or where moving party has not shown that proposed amendment has substantial merit).

In Count I, plaintiff has simply stopped calling three documents the "Fixed Annuity Plan" and begun referring to them instead as the "Tax Deferred Investment Program." This change in labels, however, does nothing to alter the Court's analysis of the documents themselves or the law relating to them. Also added to plaintiff's securities claim is an alleged § 10(b) violation concerning the tax status of the annuities (in light of this Court's decision regarding ERISA). As stated above, we find this argument of plaintiff's to be illogical; it does not support a valid theory of liability. *Verhein,* 598 F.2d at 1061.

Similarly, plaintiff's proposed Count II alleges no new facts which would require the Court to reconsider its earlier decision. *Stebbins,* 537 F.2d at 942.

Counts III and IV still suffer the same deficiencies as before. Although plaintiff names VAMCO as the enterprise, she uses this label inconsistently. We have already noted that VAMCO is improperly named as both the enterprise and person liable. Moreover, plaintiff suggests in her sup-

---

**3.** Plaintiff's explanation of how busy her counsel was is unavailing. Twenty-nine days passed between the entry of judgment and the filing of a proposed second amended complaint, and the Seventh Circuit has stated that a failure to tender a proposed pleading with a Rule 15(a) motion to amend "certainly indicates a lack of diligence and good faith." *Twohy,* 758 F.2d at 1197 (footnote omitted).

porting memorandum that the "VALIC family" or the "American General Family" are the true enterprises in this case. The second amended complaint proposed by plaintiff also is still wholly insufficient in pleading with the specificity required by Fed.R.Civ.P. 9(b) the involvement of each defendant in any fraudulent activity. The inclusion of several documents purported to be instances of mail fraud does not cure this defect. Likewise, Count IV fails to allege a conspiracy claim against any of the particular defendants.

Because plaintiff is not entitled to post-judgment amendment as explained in *Twohy,* and because the proposed second amended complaint is not offered in good faith and would be futile, plaintiff's second motion for leave to amend her complaint is denied.

Plaintiff's second motion to reconsider and for leave to amend her complaint is denied on three bases: (1) the motion is untimely; (2) plaintiff's notice of appeal divests this Court of jurisdiction; and (3) the motion should be denied on the merits. It is so ordered.