**OTIS ELEVATOR CO. v. 570 BUILDING CORPORATION et al. (STALEY ELEVATOR CO., Inc., Intervener).**

No. 7995.

District Court, E. D. New York.

Oct. 11, 1940.

Watson, Bristol, Johnson & Leavenworth, of New York City (Clair V. Johnson and Leonard A. Watson, both of New York City, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (William H. Davis, Willis H. Taylor, Jr., Morris D. Jackson, and John T. Farley, all of New York City, of counsel), for defendants and defendant-intervener.

MOSCOWITZ, District Judge.

This is a motion for an order granting leave to file a supplemental complaint.

The bill of complaint was filed in this Court on July 3, 1936 against the defendants, 570 Building Corporation, Samuel Cohen and Jacob C. Cohen, charging infringement by the defendants of Larson patent No. 1,694,823 and of Lindquist et al. patent No. 1,904,647. After the action was commenced and prior to the trial Staley Elevator Company intervened herein as a party defendant.

The trial was duly had in which the Court rendered an opinion on November 10, 1937 [1] and on December 3, 1937 entered a decree holding claims 1–29, inclusive, of the Larson patent valid and infringed, and claims 4–6, inclusive, 9–14, inclusive, 23, 27, 28 and 76–84, inclusive, of the Lindquist et al. patent valid and infringed. The Court in its decree granted the usual injunction and referred the accounting to a Special Master. The decree of this Court was affirmed by the United States Circuit Court of Appeals for the Second Circuit (98 F.2d 699) on July 29, 1938, and certiorari was denied (305 U.S. 640, 59 S.Ct. 107, 83 L.Ed. 412) and rehearing refused (305 U.S. 673, 59 S.Ct. 228, 83 L.Ed. 436).

Plaintiff claims that subsequent and prior to the entry of the decree (on December 3, 1937) that the defendants, within this district and elsewhere, have been and now are infringing claims 6, 9, 14 and 76 of the Lindquist et al. patent and has requested permission to file the supplemental complaint annexed to the motion papers setting forth such infringements.

The accounting proceeding is still pending before the Special Master. No final

---

1 No opinion for publication.

decree has yet been entered. The fact that the action was tried does not prevent the granting of the motion under Rule 15(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (which is an adaptation of Equity Rule 34), as the action is still pending. See Radio Corporation v. Cable Radio Tube Corporation, 2 Cir., 66 F.2d 778.

The defendant Staley Elevator Company's rights are in no way prejudiced. It can make no difference to it whether the case is tried upon a supplemental complaint in this action or upon the original complaint in a new action, as it will receive its day in Court in either event. Plaintiff might be prejudiced if it were compelled to bring a new action if it be found, as claimed by the defendant Staley Elevator Company, Inc., that the Court would not have jurisdiction of it in a new action. The granting of this motion is in the interest of expedition, economy, and a speedy disposition of the controversy.

Motion granted. Settle order on notice.