DAVID KRAMER AND ANITA KRAMER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26249-81.          Filed November 30, 1987.

*Robert A. Shupack,* for the petitioners.
*James R. Rich,* for the respondent.

OPINION

GERBER, *Judge:* On September 10, 1987, respondent, pursuant to Rule 52,[1] moved to strike an allegation in petitioners' amended reply which had been filed, with leave of Court, subsequent to the conclusion of the trial. The amended reply contained a denial of an allegation in respondent's amended answer that an extension of time to assess tax had been executed. If permitted to stand, this allegation by petitioners would have shifted the burden of going forward with the evidence to respondent concerning the statute of limitations on assessment. The question for our consideration is whether petitioners may cause the shift of the burden of going forward to respondent by means of a

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.

pleading filed after trial. For the reasons stated below, we grant respondent's motion.

The original petition in this case, filed October 20, 1981, alleged substantive errors in respondent's notice of deficiency, and that the statute of limitations on assessment had expired for the taxable year 1977.[2] Respondent, in his answer, alleged that petitioners had entered into an agreement extending the time for assessment and collection (extension) pursuant to section 6501(c)(4). Petitioners, in their reply to respondent's answer, which was filed January 22, 1982, admitted that petitioners executed an extension but alleged that it was void due to respondent's alleged misrepresentations.[3]

On November 24, 1986, a time when this case was already scheduled for trial, petitioners moved to amend their petition, and the motion was granted. Petitioners' reason for the amendment was that they had obtained new counsel who had ascertained new facts concerning the substantive alleged errors[4] which had already been placed in issue. The motion also stated that this amendment would not prejudice respondent. In their amended petition, petitioners repeated substantially all of the allegations contained in their original petition, including the identical allegation that the statute of limitations had expired. Petitioners also added allegations concerning their questioned investment deductions. Respondent, in his answer filed immediately prior to trial on February 2, 1987, responded to the statute of limitations allegation identically to his original answer, alleging an extension. At trial, petitioners moved for and respondent consented to the filing of a reply. We granted petitioners' motion. On February 9, 1987, after the completion of the trial, petitioners filed a reply denying that they signed any

---

[2]The statutory notice of deficiency is dated July 24, 1981.

[3]Petitioners indicated in their reply that respondent had agreed or promised to provide additional administrative remedies and consideration before making a determination in exchange for an extension of the period for assessment. Petitioners then alleged that respondent had already made a determination that petitioners' "investment" was an "abusive tax shelter," at the time of the execution of the agreement to extend the period within which an assessment could be made. Based upon these conditions, petitioners asserted that the agreement to extend was obtained by misrepresentation and not binding upon them. Assuming respondent in fact made such representations, it is not clear that this would invalidate the agreement to extend. See *Houlberg v. Commissioner,* T.C. Memo. 1985-497. In any event, petitioners offered no proof on the issue at trial.

[4]Other than the issue concerning the period of limitations on assessment.

extension. This was contrary to their earlier admission in the original reply that an extension had been executed.

The trial took place on February 2, 3, and 4, 1987. Neither party introduced any evidence on the statute of limitations issue at trial.

Rule 52 provides that the Court may order stricken from any pleading "any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter." Respondent requests that we strike petitioners' attempt to withdraw their admission contained in their original reply that they executed an agreement to extend the period for assessment.

Petitioners' intentions in filing their amended reply are clear. They seek to place the burden of going forward on the statute of limitations issue upon respondent. Initially, petitioners have the burden of proof as well as the burden of going forward on the statute of limitations issue, and could meet the burden of going forward because respondent's notice of deficiency is dated more than 3 years subsequent to the date the return was filed. Rule 142(a); sec. 6501(a) and (b). Respondent would have had the burden of going forward with respect to the extension issue, an affirmative defense pleaded in his answer. Rules 142(a) and 39. The original reply as it stood at the time of trial would shift the burden of going forward back to petitioners, as they admitted executing an extension but contended that it was obtained under circumstances which made it void. Without considering petitioners' amended reply, as nothing was presented at trial, petitioners would lose. However, by waiting until after trial, and denying the extension in their reply, petitioners attempt to shift the burden of going forward back to respondent.

The two questions raised by these circumstances concern whether petitioners may raise a new issue after trial and whether we will permit petitioners to withdraw a prior admission by means of an amended supplemental pleading filed subsequent to trial. As of the time of trial, petitioners retained the burden of proof as well as the burden of going forward regarding the statute of limitations issue, in that they would have to show that the agreement to extend, the existence of which they admitted, was invalid or ineffective

in extending the period for assessment and collection of a tax. Allowing petitioners to withdraw their admission or raise a new issue under these circumstances would unfairly prejudice respondent. Prior to trial, the original reply was still outstanding. On that basis, while the statute of limitations was still an issue, the only matter left for consideration was whether the extension was valid. Respondent was led to believe that he would not have to present evidence on the issue of *whether an extension was executed.* Because respondent did not have the opportunity to argue this point at trial, petitioners may not now deny their previous admission. *Estate of Horvath v. Commissioner,* 59 T.C. 551 (1973); *Leahy v. Commissioner,* 87 T.C. 56 (1986). We find that a consent to extend the period for assessment existed for purposes of this case and, further, that petitioners have not shown that the consent or agreement to extend the period was invalid or defective.

Prior to trial, we permitted petitioners to amend their petition for the sole purpose of alleging matters in connection with a substantive issue concerning their investment, which had already been placed in issue by pleadings filed more than 4 years before. Petitioners did amend their petition and alleged an additional matter concerning their investment, but no new matter was alleged concerning the statute of limitations. Respondent, similarly, responded to the new matter and restated his allegations concerning the statute of limitations. Within this context, we must consider whether petitioners were entitled to withdraw an admission (which would have placed a new burden on respondent) by means of an amended reply filed after trial. We hold that petitioners were not entitled to raise this new issue or matter in their reply and that their attempt to do so fell without our granting of approval to file supplemental or amended pleadings.

Our Rules of Practice and Procedure, in many respects, parallel the Federal Rules of Civil Procedure (FRCP). Rule 41 of this Court's Rules of Practice and Procedure permits amendments to pleadings by leave of Court. Rule 41 contains the proviso that leave to amend "shall be given freely when justice so requires." We have looked to the holdings under the FRCP for guidance on numerous occa-

sions. Amendment of pleadings under FRCP 15(a) is similar to our Rule 41(a) and it also declares that leave to amend "shall be given freely when justice so requires." See also *Foman v. Davis*, 371 U.S. 178 (1962). The granting of leave to amend is discretionary with the trial court. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330 (1971). The trial court must consider matters such as prejudice, undue delay, and the possibility of bad faith to determine whether those matters "overbalance the mandate of Rule 15(a), FRCP, and *Foman v. Davis*, that leave to amend should be 'freely given.'" *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

One commentator on Federal practice and procedure has stated: "In a proper case, and cognizant of the principles of liberality that govern amendments, a court *may* permit a pleading to be amended for the purpose of withdrawing an admission contained in the original pleading." (Fn. ref. omitted, emphasis added.) 3 J. Moore, Federal Practice, par. 15.08(7) 1986. This is not such a case. Petitioners moved for leave to file an amended reply, ostensibly to reply to changes in respondent's amended answer prompted by new substantive facts asserted in the amended petition. Neither the amended petition nor the amended answer contained new material on the statute of limitations issue. Petitioners did not intimate that they were going to withdraw a previous admission. Moreover, they did not offer any facts establishing that the original admission was incorrect. Cf. *Beeck v. Aquaslide "N" Dive Corp., supra.* In that case, the court allowed the defendant to amend its answer for the express purpose of withdrawing an admission that it had manufactured a defective water slide. The defendant was able to show facts casting doubt on its originally admitted manufacture of the water slide. The amendment occurred prior to trial, so as not to prejudice the plaintiff. Here, petitioners waited until after the trial was over to attempt retraction of their admission, which effectively would preclude respondent from offering evidence on the execution of the extension. This clearly and blatantly prejudiced respondent.

After the parties had filed their pretrial supplemental pleadings, petitioners, at the opening of the trial, requested

leave to file a reply to respondent's amended answer. Respondent's amended answer contained the same affirmative defense that the original answer had contained, and under our rules, a petitioner may file a reply in response to such affirmative allegations. Petitioners did not request leave to raise a new issue or matter, but merely for the opportunity to file a reply.[5] A pleading may not be amended so as to withdraw a previous admission without specific leave of court where it would prejudice the other party or raise a new matter or issue. This is especially true in circumstances where the amendment or withdrawal of an admission is to take place following trial.

To reflect the foregoing,

*An order will be issued granting respondent's motion to strike.*[6]

---

[5]Under circumstances where petitioners seek to file an amended reply subsequent to the completion of trial, it would be incumbent upon them to request specific leave to file anything more than a perfunctory document. Moreover, the parties had at the opening of the trial already addressed the substantive differences which petitioners had moved to include in their amended petition. Although it seems unusual, supplemental pleadings may be permitted by a court subsequent to trial or even subsequent to entry of judgment, if the judgment would not be changed. See *Griffin v. County School Board,* 377 U.S. 218(1964); *Stebbins v. Weaver,* 537 F.2d 939 (7th Cir. 1976); *Otis Elevator Co. v. Building Corp.,* 35 F. Supp. 348 (E.D.N.Y. 1940).

[6]Although granting respondent's motion to strike directly addresses petitioners' attempt to withdraw their prior admission, it also indirectly addresses the question of whether petitioners would be permitted to raise a new issue or matter. Even if petitioners were permitted to withdraw their prior admission, we would have denied any attempt to raise this new matter or issue as being untimely and clearly prejudicial to respondent.