T.C. Memo. 1995-604


UNITED STATES TAX COURT


ALAN E. AND HARRIET R. LEWIS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent*


Docket No. 17601-90.       Filed December 26, 1995.


David R. Andelman and Edward F. Fay, for petitioners.

Charles W. Maurer, Jr., for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

WRIGHT, Judge:  This matter is before the Court on respondent's Motion for Leave to File Amendment to Answer and petitioner's counter Motion for Summary Judgment.  Both parties filed their respective motions after the Court of Appeals for the First Circuit reversed our opinion, filed at T.C. Memo. 1992-391, and remanded the case to us for further proceedings in accordance

_____

        *This opinion supplements our opinion in Lewis v. Commissioner, T.C. Memo. 1992-391.

with that court's opinion, <u>Lewis v. Commissioner</u>, 18 F.3d 20 (1st Cir. 1994). Respondent seeks to amend her answer so as to raise for the first time before this Court the affirmative defense of quasi-estoppel, also known as the duty of consistency. Petitioners seek judgment as a matter of law on grounds that respondent has untimely raised such affirmative defense. For the reasons set forth herein, we grant respondent's motion and deny petitioners' motion.

<u>Background</u>

Our initial opinion in this case, filed at T.C. Memo. 1992-391, dealt with Alan E. Lewis' (petitioner) involvement in a series of complicated loan transactions throughout a 10-year period ending in 1984. These loan transactions involved domestic and foreign corporations, partnerships, and trusts in which petitioner maintained ownership interests. The series of loan transactions culminated in 1984 when a foreign corporation controlled by petitioner indirectly transferred $1,062,500 to a trust also controlled by petitioner. Petitioners did not report the $1,062,500 transfer on their Federal income tax return for taxable year 1984; petitioners did, however, report interest income from the trust. Respondent determined that the trust at issue was a grantor trust and the $1,062,500 was income to such trust. A deficiency noticed followed.

Petitioners advanced three alternative arguments in their attack upon respondent's determination. We analyzed petitioners'

arguments and concluded, with respect to each, that they had failed to carry their burden of proof. We held that the corporation which transferred the $1,062,500 to the subject trust in 1984 had sufficient earnings and profits at the time of the transfer and that such transfer constituted a dividend distribution.

On appeal to the Court of Appeals for the First Circuit, petitioners argued that this Court erroneously concluded that the controlled foreign corporation had sufficient earnings and profits in 1984 to support a finding that the $1,062,500 was a dividend distribution. The Court of Appeals agreed, explaining that the record lacks adequate support for our conclusion. The Court of Appeals, however, refused to hold that the $1,062,500 at issue was properly excluded from petitioners' 1984 tax return. In remanding this matter to us for further proceedings, the Court of Appeals explained that the doctrine of quasi-estoppel or duty of consistency might operate to enable respondent to recoup taxes on the $1,062,500 transfer. Accordingly, the Court of Appeals instructed us to entertain the theory of quasi-estoppel.[1]

---

[1]In its opinion, the Court of Appeals for the First Circuit stated:

> The "duty of consistency" seems to apply when the earlier taxpayer position amounts to a misstatement of fact, not of law. See, e.g., Herrington v. Commissioner, 854 F.2d 755, 758 (5th Cir. 1988), cert. denied, 490 U.S. 1065 (1989) * * *; Beltzer, 495 F.2d at 213; Mayfair Minerals, Inc. v. Commissioner, 456

(continued...)

Subsequent to the remand of the instant case, both parties filed separate motions. Petitioners' motion seeks summary judgment. Petitioners contend that we may not properly consider the issue of quasi-estoppel because quasi-estoppel is an

---

[1](...continued)
F.2d 622, 623 (5th Cir. 1972); Crosley Corp. v. United States, 229 F.2d 376, 380 (6th Cir. 1956); Ross v. Commissioner, 169 F.2d 483, 496 (1st Cir. 1948)(simple failure to report income "is not a representation that such income has in fact not been received" and does not, without more, furnish grounds for estoppel); Mertens, supra, sec. 60.05 ("Where there is a mistake of law and no factual misrepresentations, the doctrine of consistency does not apply."). Moreover, the misstatement must be one on which the government reasonably relied, in the sense that it neither knew, nor ought to have known, the true nature of the transaction mischaracterized by the taxpayer. See Herrington, 854 F.2d at 758; Mayfair Minerals, 456 F.2d at 623; Ross, 169 F.2d at 495-96.

In this case, it seems possible that * * * [petitioner] made representations of key facts regarding the genuine business activities of * * * [the foreign controlled corporation] throughout the 1970's and the genuine intent on his and * * * [his partner's] part to repay the * * * [foreign controlled corporation] "loans." If such representations of fact were made, then holding * * * [petitioner] to them now might generate a 1984 tax liability.

We stress, however, that we are uncertain about this matter. Since it has not been argued here, and since factual history is at issue, both the Lewises and the Commissioner should have a full opportunity to argue the issue before the Tax Court. We therefore vacate the Tax Court's judgment insofar as it is inconsistent with this opinion. And, we remand the case to the Tax Court for further proceedings. [Lewis v. Commissioner, 18 F.3d 20, 26 (1st Cir. 1994), vacating in part and remanding T.C. Memo. 1992-391.]

affirmative defense which, pursuant to Rule 39,[2] is required to be specifically pleaded.  Respondent's motion, on the other hand, seeks to permit the amendment of her answer in the instant case so as to include the affirmative defense of quasi-estoppel.

## Discussion

Before we address the substance of each motion, it is important that we set out the current status of this case.  In our initial opinion, we addressed each of petitioners' three arguments and held for respondent on all three.  We cited petitioners' failure to carry their burden of proof as the principal reason for such holdings.  The Court of Appeals rejected the analysis of our initial opinion but has instructed us to consider whether the doctrine of quasi-estoppel operates to effect the same result.  To comply with the court's mandate, we will grant respondent's motion to amend the pleadings.

Our Rules of Practice and Procedure, in many respects, parallel the Federal Rules of Civil Procedure.  Rule 41(a) permits amendments to pleadings and provides that "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  * * *  Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party".  Rule 41(a) further provides that leave to amend "shall be given freely when justice so requires."

---

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

This Court has looked to cases decided under rule 15(a) of the Federal Rules of Civil Procedure for guidance on the interpretation of Rule 41(a).  Kramer v. Commissioner, 89 T.C. 1081, 1084-1085 (1987).  Like Rule 41(a), rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "shall be given freely when justice so requires."

The decision of whether a motion to amend the pleadings should be granted is within the sound discretion of the Court. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330 (1971); Foman v. Davis, 371 U.S. 178, 182 (1962).  The exercise of our discretion, however, must be controlled by sound reason and fairness.  Law v. Commissioner, 84 T.C. 985, 990 (1985).

Petitioners maintain that Rule 39 requires a party to include in his or her pleadings any matter consisting of an avoidance or affirmative defense.  The underlying rationale for this Rule is to provide the opposing party ample opportunity to address the related issues.  There is no doubt that estoppel and its various counterparts, such as quasi-estoppel and equitable estoppel, are affirmative defenses within the meaning of Rule 39. Petitioners, however, fail to properly consider Rule 41 or the appellate mandate in this case.  In appropriate circumstances we may permit the movant to amend the pleadings so as to include a previously omitted affirmative defense.  See Flint v. Commissioner, T.C. Memo. 1991-405; Lilley v. Commissioner, T.C. Memo. 1989-602, affd. without published opinion 925 F.2d 417 (3d

Cir. 1991).  In fact, in <u>LeFever v. Commissioner</u>, 103 T.C. 525, 538 n.16 (1994), we granted respondent's <u>post-trial</u> motion for leave to amend her answer so as to include the affirmative defense of <u>quasi-estoppel</u>.

Under the circumstances of this case and in light of the instruction from the Court of Appeals, we do not believe that petitioners will be unfairly prejudiced by the proposed amendment of the pleadings.  Accordingly, we grant respondent's motion.

As we have granted respondent's motion to amend her answer, it is necessary that we deny petitioners' motion for summary judgment.  Summary judgment is intended to expedite litigation and avoid unnecessary costs.  <u>Florida Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Summary judgment is inappropriate if there remains an unresolved genuine issue as to a material fact.  Rule 121(b); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988).  Considering our ruling granting respondent's motion for leave to amend, a genuine issue remains unresolved. Hence, summary judgment is improper.  Accordingly, petitioners' motion is denied.

To reflect the foregoing,

<u>An appropriate order will be</u>
<u>issued granting respondent's motion</u>
<u>and denying petitioners' motion.</u>