T.C. Memo. 1998-188

UNITED STATES TAX COURT

FORKSTON FIREWORKS MFG. CO., INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9469-97.                    Filed May 21, 1998.

        H and W were owners and employees of P.  H was
convicted under sec. 7206(2), I.R.C. 1986, for aiding or
assisting the filing of false tax returns as to P's 1988,
1989, and 1990 income tax return.

        R filed a motion for summary judgment based on (1) H's
and W's deemed admissions in another docket and (2)
collateral estoppel arising from H's conviction.  R concedes
that, if we grant H and W's motion for leave to file an
amended reply in the other docket, then R is not entitled to
summary judgment in the instant docket, but contends that we
should grant partial summary judgment because P is
collaterally estopped by H's conviction from denying that
there was a willful omission of income from P's 1990 tax
return.

        <u>Held</u>:  Collateral estoppel does not apply.  R's motion
for partial summary judgment will be denied.

-2-

Moshe Schuldinger, for petitioner.

Alan R. Peregoy, for respondent.

MEMORANDUM OPINION

CHABOT, Judge:  The instant case is before us on respondent's motion under Rule 121[1] for summary judgment.

Background--Procedure

Respondent determined a deficiency in Federal corporate income tax against petitioner for 1990 in the amount of $33,208 and an addition to tax under section 6662[2] (negligence or substantial understatement of income tax) in the amount of $6,642.

Petitioner invoked this Court's jurisdiction by filing a timely petition from the notice of deficiency, disputing the entire amounts of the deficiency and addition to tax.  In the notice of deficiency, respondent determined that petitioner had $119,318 in unreported gross sales, but that petitioner was entitled to $6,384 in miscellaneous unclaimed deductions, for net adjustments of $112,934.  In the petition, petitioner contends that (1) it does not have any additional 1990 income subject to tax, and (2) it is entitled to more 1990 deductions than

---

[1]    Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]    Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the year in issue.

respondent allowed.  However, petitioner does not claim an overpayment.

After the instant case was noticed for trial, respondent filed a Motion for Summary Judgment.  In this motion respondent relies on deemed admissions by Anthony and Gloria Donnora, hereinafter referred to as Anthony and Gloria, respectively, and as the Donnoras, collectively, in another docket, Donnora v. Commissioner, docket No. 9470-97, contending that these deemed admissions--

> must be deemed admitted as against petitioner because the Donnoras are the owners of petitioner and are the only parties who can therefore properly act for petitioner and admit or deny allegations pertaining to petitioner.  Tax Court Rule 23.  Having admitted that $112,934.00 in Forkston's gross receipts were diverted to themselves and were omitted from Forkston's income tax return for 1990 in the Donnora case, and to having been found guilty under I.R.C. § 7206(2), Anthony and Gloria[3] Donnora cannot now deny that there was an omission of income on Forkston's corporate income tax return for the year 1990 in the amount of $112,934.00.

Petitioner, in its response to the motion, points out that (1) Anthony and Gloria are denying in their docket the factual allegations that respondent relies on in the motion in the instant case, (2) petitioner had not been indicted or convicted for tax fraud for 1990, (3) although Anthony had been convicted under section 7206(2) with regard to petitioner's 1990 tax return, the jury did not make, and was not directed to make, any

---

[3]   The record does not include any information indicating that Gloria was convicted, or even indicted, under sec. 7206(2).

finding with respect to petitioner's 1990 tax liability, and (4) Anthony's conviction cannot collaterally estop petitioner, because Anthony and petitioner are separate parties with separate tax liabilities.

In the reply to petitioner's response, respondent repeats the reliance on the Donnoras' deemed admissions in their docket and on Anthony's section 7206(2) conviction. Respondent concedes that, if we allow the Donnoras to amend their reply in their docket, then "summary judgment on all the issues [in the instant case] is not proper." However, respondent contends, respondent would still be entitled to partial summary judgment that petitioner "is collaterally estopped from denying that there was a willful omission of income on Forkston's corporate income tax returns for 1988 through 1990". We have ruled that the Donnoras are permitted to amend their reply in their docket. Donnora v. Commissioner, T.C. Memo. 1998-187.

Our findings are based entirely on those matters that are admitted in the pleadings or that are admitted or deemed admitted in the motion papers in the instant case.

Background--Facts

Petitioner was a Pennsylvania corporation with its business address in Mehoopany, Pennsylvania, when the petition was filed in the instant case. The Donnoras owned and were employed by petitioner in 1990. Petitioner sold fireworks.

Anthony was indicted and convicted for aiding or assisting the filing of false tax returns for petitioner for 1988, 1989, and 1990, in violation of section 7206(2)[4].

Discussion

Summary judgment is a device used to expedite litigation; it is intended to avoid unnecessary and expensive trials. However, it is not a substitute for trial; it should not be used to resolve genuine disputes over material factual issues. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 (9th Cir. 1957); Vallone v. Commissioner, 88 T.C. 794, 801 (1987). A motion for summary judgment is to be granted if it is shown

> that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case. [Rule 121(b).]

---

[4]     SEC. 7206.   FRAUD AND FALSE STATEMENTS.

Any person who --

             *   *   *   *   *   *   *

        (2) Aid or assistance.--Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document;

Because the effect of granting a motion for summary judgment is to decide the case against a party without allowing that party an opportunity for a trial, the motion should be "cautiously invoked" and granted only after a careful consideration of the case. Associated Press v. United States, 326 U.S. 1, 6 (1945); Cox v. American Fidelity & Casualty Co., 249 F.2d at 618; Kroh v. Commissioner, 98 T.C. 383, 390 (1992). Respondent, as the moving party, has the burden of showing the absence of a genuine issue as to any material fact. For these purposes, the material submitted by both sides must be viewed in the light most favorable to the opposing party; that is, all doubts as to the existence of an issue of material fact must be resolved against the movant. E.g., Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Dreher v. Sielaff, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980); Kroh v. Commissioner, 98 T.C. at 390. In considering a motion for summary judgment, we are to take into account "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any". Rule 121(b).

Respondent relies on the criminal conviction of Anthony for support of partial summary judgment.[5] Respondent argues that

---

[5] Respondent's Motion for Summary Judgment is also based on the deemed admissions in the Donnora docket. Respondent's reliance on those deemed admissions is questionable, but because we granted the Donnoras' motion for leave of Court to deny the deemed admissions we need not explore the validity of

(continued...)

petitioner is collaterally estopped by Anthony's criminal tax conviction under section 7206(2) from denying that petitioner willfully understated its income on its 1988, 1989, and 1990 tax returns.

The doctrine of collateral estoppel provides that, once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  Montana v. United States, 440 U.S. 147, 153 (1979) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)).  This Court in Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990), set forth the following five conditions that must be satisfied prior to application of collateral estoppel in the context of a factual dispute:

> (1) The issue in the second suit must be identical in all respects with the one decided in the first suit.

---

[5](...continued)
respondent's use of admissions from one docket in another docket. See Rule 90(f): "Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by such party for any other purpose, nor may it be used against such party in any other proceeding."  To the same effect is Rule 91(e).  Cf. New v. Commissioner, 92 T.C. 1146 (1989) holding motions to vacate Rule 37(c) orders would be judged by the same standard applied to a Rule 90(f) motion.  Marshall v. Commissioner, 85 T.C. 267, 273 (1985), holding that deemed admissions under Rule 90(c) were sufficiently similar to deemed admission under Rule 37(c) so as to satisfy respondent's burden for summary judgment.

(2) There must be a final judgment rendered by a court of competent jurisdiction.

(3) Collateral estoppel may be invoked against parties and their privies to the prior judgment.

(4) The parties must actually have litigated the issues and the resolution of these issues must have been essential to the prior decision.

(5) The controlling facts and applicable legal rules must remain unchanged from those in the prior litigation. [Citations omitted.]

In the instant case, it is the conviction of Anthony, a stockholder of petitioner, and not the conviction of petitioner, which respondent contends acts to collaterally estop petitioner from denying that there was a willful omission of income.

In American Lithofold Corp. v. Commissioner, 55 T.C. 904, 923-924 (1971), we set forth the controlling analysis as follows:

Respondent determined that a part of the deficiency for each of the years 1950 and 1951 was due to fraud with intent to evade tax within the meaning of section 293(b). He contends that since Robert J. Blauner, a principal stockholder, officer, and virtual alter ego of petitioner, was convicted of attempted evasion of the corporate income taxes for the year 1951 and for conspiring to defraud the United States of income taxes due and owing to it by American Lithofold Corp. for 1951, petitioner is collaterally estopped from proving that some part of the 1951 deficiency was not due to fraud. We cannot agree with this contention. In C.B.C. Super Markets, Inc., 54 T.C. 882 (1970), we held that a corporation is not collaterally estopped by the conviction of its president and principal stockholder for filing or causing the corporation to file false and fraudulent corporate returns; the corporation itself is entitled to be heard on the question whether any part of its underpayments was due to fraud. That case is controlling here on the collateral estoppel issue for the year 1951 and we follow it.

See Spruance v. Commissioner, 60 T.C. 141, 156 (1973), affd. without published opinion 505 F.2d 731 (3d Cir. 1973). We continue to apply this approach.[6] Respondent has not argued that we should overrule these precedents and has not contended that these precedents do not apply where the earlier ruling was a section 7206(2) conviction rather than a section 7201 conviction.

Nevertheless, respondent cites United States v. Crooks, 804 F.2d 1441, 1448 (9th Cir. 1986); Ross v. Commissioner, T.C. Memo. 1988-283; Sparks Nugget, Inc. v. Commissioner, T.C. Memo. 1970-74, affd. 458 F.2d 631, 639 (9th Cir. 1972); and Bertoli v. Commissioner, 103 T.C. 501 (1994), as support for the application of collateral estoppel to petitioner. None of these cited opinions supports respondent's motion.

In United States v. Crooks, 804 F.2d at 1448 (9th Cir. 1986), the Court of Appeals discussed what the Government must prove in order to convict under section 7206(2). The Court of Appeals concluded that the evidence in that case was sufficient to support the conviction. The Court of Appeals' opinion does not deal with the question we face in the instant case--whether Anthony's conviction under section 7206(2) can collaterally estop petitioner--Forkston Fireworks Mfg. Co.--from denying that petitioner filed a false tax return. However, at 1446-1447 the

---

[6]    Yarbrough Oldsmobile Cadillac, Inc. v. Commissioner, T.C. Memo. 1993-20.

Court of Appeals deals with the question of whether the acquittal of individuals in their previous mail fraud trial collaterally estops the Government from litigating certain charges in these individuals' conspiracy case. The Court of Appeals concluded that the earlier acquittals could have been based on any of several possible determinations by the jury, that some of these possible determinations were not issues in the second case, and that thus the individuals had not shown the identity of issues necessary to invoke collateral estoppel. Crooks does not deal with the question of whether a conviction of a shareholder can collaterally estop the corporation, and so Crooks does not help us as to the issue now before us.

In Ross v. Commissioner, T.C. Memo. 1988-283, we held that the individuals who were convicted in the earlier proceeding were collaterally estopped to deny the acts of which they had been convicted. However, in Ross the collateral estoppel applied to the later cases in which the convicted individuals were the taxpayers. In the instant case, Anthony had been convicted, but Forkston Fireworks Mfg. Co. is the taxpayer. Ross is consistent with our conclusion in Donnora v. Commissioner, T.C. Memo. 1998-187, but does not help us reach a conclusion in the instant case.

In Sparks Nugget, Inc. v. Commissioner, T.C. Memo. 1970-74, affd. 458 F.2d 631, 639 (9th Cir. 1972), a shareholder of a corporation was held to be collaterally estopped to deny the correctness of an earlier case's determination against the

corporation. Our opinion relied on earlier opinions upholding collateral estoppel from a corporation to its shareholder. Less than a month later, we issued our opinion in C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 893-896 (1970), in which we analyzed some of the same opinions that we had analyzed in Sparks Nugget. In C.B.C. Super Markets we concluded that, in general and in that case, collateral estoppel should not run from a shareholder to the corporation. As noted supra, we have continued to draw the same distinction. The instant case is similar to C.B.C. Super Markets and not to Sparks Nugget, for the reasons stated in those two opinions. Thus, Sparks Nugget, although good law in its setting, does not support respondent's position in the instant case.

Bertoli v. Commissioner, 103 T.C. 501 (1994), dealt with a petitioner who had participated in previous litigation as a custodian for his brother's minor children and as the sole general partner of a limited partnership. In Bertoli, we held that the taxpayer was collaterally estopped in his individual capacity because his own interest in persuading the Court in the previous trial coincided with his interests as general partner and as custodian of his brother's minor children, who were limited partners in the partnership. Thus, the taxpayer in the second case was treated as having been a party in the first case. In the instant case, petitioner did not participate in Anthony's criminal tax litigation, nor has respondent alleged that

petitioner's interest in the previous litigation was identical to Anthony's.

The controlling case law clearly holds that a corporation is not collaterally estopped by a prior adjudication involving a shareholder in these circumstances. The corporation is entitled to be heard on the question of whether any part of its underpayment was due to fraud. It is clear that, as a matter of law, respondent is not entitled to rely on the doctrine of collateral estoppel to prove that petitioner (1) understated its income for 1990 and (2) such understatement was due to negligence.

We conclude that respondent has not shown that there is no genuine issue as to any material fact with respect to petitioner. We hold that respondent's motion for partial summary judgment is denied.

An appropriate order denying respondent's motion for summary judgment will be issued.