T.C. Memo. 1998-187


UNITED STATES TAX COURT


ANTHONY AND GLORIA DONNORA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9470-97.                    Filed May 21, 1998.


R determined deficiencies and fraud additions to tax
against H and W for 1988, 1989, and 1990.  R's answer
asserts in par. 7 affirmative allegations of fraud against
both H and W.  R's answer also asserts in par. 8 information
regarding H's conviction under sec. 7201, I.R.C. 1986, for
1988, 1989, and 1990, and contends that H is collaterally
estopped to deny civil tax fraud for these years.  Ps' reply
responds to par. 8 (collateral estoppel) of R's answer but
ignores par. 7.  Under Rule 37(c) of the Tax Court Rules of
Practice & Procedure, the affirmative allegations in par. 7
are deemed admitted.  R filed a motion for summary judgment
on the entire case based on H's convictions and the par. 7
assertions deemed admitted.  Ps moved for leave to file an
amended reply in order to deny certain of the overlooked
affirmative allegations in R's answer.  R concedes that if
we grant Ps' motion for leave to file an amended reply, then
R is not entitled to summary judgment, but contends that we
should grant partial summary judgment as to H, because H is
collaterally estopped by his criminal convictions from

denying that (1) H had an underpayment of tax for each of the years in issue and (2) this underpayment was due to fraud.

    1.  Held: Ps' motion for leave to file an amended reply will be granted.  Rule 41(a) of the Tax Court Rules of Practice & Procedure.

    2.  Held, further, H is collaterally estopped from denying that (1) H had an underpayment of tax for each year in issue and (2) this underpayment was due to fraud.  R's summary judgment motion will be granted to the extent of this collateral estoppel; in all other respects, R's summary judgment motion will be denied.  Rule 121 of the Tax Court Rules of Practice & Procedure.


Moshe Schuldinger, for petitioners.

Alan R. Peregoy, for respondent.


MEMORANDUM OPINION

CHABOT, Judge:  The instant case is before us on petitioners' motion under Rule 41[1] for leave to file an amended reply and on respondent's motion under Rule 121 for summary judgment.

Background--Procedure

1. Notice of Deficiency; Petition

Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b)(1)[2]

---

[1]    Unless indicated otherwise, all Rule References are to the Tax Court Rules of Practice and Procedure.

[2]    Unless indicated otherwise, all section references are
(continued...)

(fraud), 6661 (substantial understatement of tax liability), and 6663 (fraud) against petitioners as follows:

| | | Additions to Tax | | |
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6661 | Sec. 6663 |
|------|-----------|-----------------|-----------|-----------|
| 1988 | $9,090 | $6,818 | $2,273 | |
| 1989 | 20,791 | | | $15,593 |
| 1990 | 31,436 | | | 23,577 |

Petitioners Anthony and Gloria Donnora, hereinafter sometimes referred to as Anthony and Gloria, respectively, invoked this Court's jurisdiction by filing a timely petition from the notice of deficiency, disputing the entire amounts of the deficiencies and additions to tax.

2.  Answer

Respondent filed an answer to the petition, including specific allegations with regard to the fraud determinations.  In paragraph 7 of the answer respondent alleges among other things that both Anthony and Gloria (1) failed to deposit substantial amounts of the cash receipts of Forkston Fireworks Mfg. Co., Inc., hereinafter sometimes referred to as Forkston, into Forkston's bank account, (2) used the undeposited cash receipts for personal expenses, and (3) failed to inform their accountant of the undeposited Forkston cash receipts.  Further, in paragraph 7 respondent alleges that petitioners' extensive use of cash and

---

[2](...continued)
to sections of the Internal Revenue Code of 1986 as in effect for the years in issue.

diversion of large amounts of Forkston's cash receipts for their personal use was fraudulent with intent to evade tax. Further, in paragraph 7 respondent alleges that, as a result of petitioners' diversion of part of Forkston's cash receipts to their personal use, petitioners understated their taxable income and their tax liabilities by the amounts shown in table 1.

Table 1

| Year | Understatement of Taxable Income | Understatement of Tax Liability |
| --- | --- | --- |
| 1988 | $43,114 | $9,090 |
| 1989 | 82,582 | 20,791 |
| 1990 | 112,934 | 31,436 |

These are the same amounts as those in the notice of deficiency. In paragraph 7 respondent also alleges that Anthony was convicted under section 7206(2)[3] for aiding and assisting in the filing of false income tax returns for Forkston for 1988, 1989, and 1990.

---

[3] SEC. 7206. FRAUD AND FALSE STATEMENTS.

Any person who--

        *       *       *       *       *       *       *

     (2) Aid or assistance.--Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document;

In paragraph 8 respondent alleges that Anthony was convicted under section 7201[4], criminal tax fraud, for his 1988, 1989, and 1990 joint tax returns, and that, as a result, Anthony is estopped to deny civil fraud as to 1988, 1989, and 1990. Paragraph 7 of the answer is three pages long; paragraph 8 is six pages long.

### 3. Reply

Petitioners filed a reply admitting that Anthony had been convicted of criminal tax fraud as to their 1988, 1989, and 1990 joint tax returns, but denying the estoppel subparagraphs of paragraph 8, as follows:

> 8(h)-(i). Denies that the respondent [sic] is liable for the additions to the tax imposed by I.R.C. § 6653(b)(1) for 1988, and by I.R.C. § 6663 for 1989 and 1990 as determined by respondent on the statutory notice of deficiency, for the reason that the respondent [sic] is not liable for tax for the years in issue to which such penalties would attach.

The reply failed to admit or deny any of the allegations in paragraph 7 of the answer.

### 4. Rule 37(c); Motions

---

[4]     SEC. 7201.   ATTEMPT TO EVADE OR DEFEAT TAX.

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

About 3 weeks after the reply was filed, the instant case was noticed for trial. Under Rule 37(c),[5] if a reply is filed, then affirmative allegations in the answer that are not expressly denied are deemed admitted. About 7 weeks after the instant case was noticed for trial, respondent filed a Motion for Summary Judgment based on the deemed admissions.[6] Petitioners filed a Motion for Leave to File an Amended Reply and a response to respondent's summary judgment motion.

Petitioners concede that Anthony is collaterally estopped from denying liability for fraud additions to tax, but contend that Anthony is not estopped from contesting the amounts of the

---

[5]    Rule 37(c) provides, in pertinent part, as follows:

RULE 37. REPLY

\*    \*    \*    \*    \*    \*    \*

(c) Effect of Reply or Failure Thereof:  Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply shall be deemed to be admitted.  Where a reply is not filed, the affirmative allegations in the answer will be deemed denied unless the Commissioner, within 45 days after expiration of the time for filing the reply, files a motion that specified allegations in the answer be deemed admitted.  \* \* \*

[6]    In this motion, respondent states that respondent determined in the notice of deficiency that there was a "substantial understatement addition to tax of $6,818.00 for the tax year ended December 31, 1988."  In the notice of deficiency respondent actually determined the amount of this addition to tax is $2,273, about 25 percent of the determined deficiency of $9,090.  We regard respondent's statement on motion to be a typographical error and not a claim under sec. 6214(a) for an increased deficiency or for an increased addition to tax.

deficiencies, and thus the amounts of the fraud additions to tax. Respondent concedes that if the Court grants petitioners' amended reply motion, then summary judgment is not proper, but contends that respondent will be entitled to partial summary judgment that Anthony is collaterally estopped to deny that (1) he is liable for fraud additions to tax and (2) there are underpayments of tax on his joint tax returns for 1988, 1989, and 1990.

Our findings are based entirely on those matters that are admitted in the pleadings or that are admitted or deemed admitted in the motion papers in the instant case.

Background--Facts

Anthony and Gloria are husband and wife; they were residents of Mehoopany, Pennsylvania, when the petition was filed in the instant case. During the years in issue, petitioners were shareholders[7] and employees of Forkston. Forkston was engaged in the business of selling fireworks to the public.

Anthony was indicted and tried for criminal tax fraud under section 7201, and for aiding or assisting the filing of false tax returns under section 7206(2). The criminal tax fraud charges were as to petitioners' 1988, 1989, and 1990 joint tax returns. The false tax return charges were as to Forkston's 1988, 1989,

---

[7] The parties' pleadings do not indicate the percentages of Forkston that Anthony and Gloria each owned.

and 1990 tax returns.  A jury convicted Anthony of all these section 7201 and 7206(2) charges.

Discussion

1.  Rule 41(a)--Amended Reply

Rule 41(a)[8] provides that after a case has been noticed for trial, a party may amend a reply only by leave of Court or by written consent of the adverse party, and "leave shall be given freely when justice so requires."  In the instant case respondent has not consented to petitioners' proposed amended reply.

Petitioners contend that justice requires the Court to allow the proposed amended reply because petitioners inadvertently failed to deny the affirmative allegations in paragraph 7 of the answer, and petitioners should be permitted to litigate the amount of their tax liabilities.

Respondent contends that respondent's counsel had drawn petitioners' counsel's attention to Rule 37 and the desirability

---

[8]     Rule 41(a) provides, in pertinent part, as follows:

RULE 41.   AMENDED AND SUPPLEMENTAL PLEADINGS

      (a) Amendments:  A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, then a party may so amend it at any time within 30 days after it is served. Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires.
* * *

of petitioners' responding to the affirmative allegations of fraud in the answer, and that this was only 4 days before the reply was filed.  Respondent argues from this that petitioners' failure to deny the affirmative allegations was not an inadvertent mistake.  Respondent also asserts that, if petitioners are allowed to amend their reply, and if the Court then denies respondent's summary judgment motion, then discovery will be required.  Respondent argues that so little time remained for discovery before the then-impending trial date that respondent will be prejudiced if petitioners are allowed to amend their reply.

We agree with petitioners that they should be allowed to file an amended reply.

The first three sentences of Rule 41(a), set forth supra note 8, "are derived from FRCP 15(a), and reflect a liberal attitude toward amendment of pleadings."  Explanatory Note to Rule 41(a), 60 T.C. 1089.  This Court has looked to cases decided under rule 15(a) of the Federal Rules of Civil Procedure for guidance on the interpretation of Rule 41(a).  Kramer v. Commissioner, 89 T.C. 1081, 1084-1085 (1987).  Rule 15(a) of the Federal Rules of Civil Procedure also states that leave to amend "shall be freely given when justice so requires."  Rule 15(a) of the Federal Rules of Civil Procedure reflects a generous attitude toward amendment; however, the leave petitioners seek is not a

matter of right but is within the discretion of the Court. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-333 (1971); Foman v. Davis, 371 U.S. 178, 182 (1962); Kramer v. Commissioner, 89 T.C. at 1085; Law v. Commissioner, 84 T.C. 985, 990 (1985). The trial court's ruling on this matter will not be reversed unless the trial court abuses its discretion. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir. 1983); Law v. Commissioner, 84 T.C. at 990.

Denials of motions for leave to amend are generally based on undue delay, and the possibility of bad faith. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d at 1520; Kramer v. Commissioner, 89 T.C. at 1085; see Charpentier v. Godsil, 937 F.2d 859, 863-864 (3d Cir. 1991). In determining the justice of a proposed amendment, we must examine the particular circumstances in the case before us, for the exercise of discretion "`may never be arbitrary and must be controlled by sound reason and fairness.'" Law v. Commissioner, 84 T.C. at 990 quoting California Brewing Association v. Commissioner, 43 B.T.A. 721, 725 (1941).

Petitioners' counsel should have seen paragraph 7 in the answer. Although paragraph 8 is twice as long as paragraph 7, paragraph 7 covers all the income adjustments and applies to both petitioners, while paragraph 8 covers collateral estoppel as to only Anthony and only as to one issue. If paragraph 7 is

ignored, then paragraph 8 hardly matters. Thus it is clear that, if a reply was to be filed at all (see second sentence of Rule 37(c), supra note 5), then paragraph 7 must be dealt with. Yet, petitioners' counsel filed a reply that dealt with paragraph 8 in some detail, but ignored paragraph 7.

Respondent does not suggest that petitioners or their counsel had any improper purpose in ignoring paragraph 7. We do not discern from the record any improper purpose. We conclude that petitioners' failure to deny the affirmative allegations in paragraph 7 of the answer was inadvertent.

Because of the critical role these paragraph 7 allegations play in the instant case, as emphatically shown by respondent's motion for summary judgment based largely on these allegations, justice would be served by allowing petitioners to deny the paragraph 7 allegations, or some of them, unless such denial would be unduly prejudicial to respondent.

In the instant case, petitioners' proposed amendment seeks to deny important allegations stated in respondent's answer and deemed admitted by petitioners' failure to deny the allegations in petitioners' reply. A pleading may be amended to withdraw a previous admission where the other party is not prejudiced. See also Beeck v. Aquaslide "N" Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977) ("The burden is on the party opposing the amendment to

show such prejudice."); cf. <u>Kramer v. Commissioner</u>, 89 T.C. at 1086.

Respondent contends that due to the then-impending trial date respondent would be prejudiced if petitioners are allowed to amend their reply. However, the instant case was stricken from the then-impending trial session. Both sides will have an adequate opportunity to do the necessary informal consultation and, if appropriate, formal discovery before the instant case is tried. We conclude that respondent will not be unduly prejudiced by this Court's allowing petitioners to amend their reply.

Accordingly, we conclude that petitioners will be allowed to amend their reply to deny respondent's affirmative allegations.

We hold for petitioners on this issue.

### 2. Rule 121--Summary Judgment

The parties appear to be essentially in agreement about the application of collateral estoppel and summary judgment in light of our conclusion that petitioners are to be permitted to amend their reply, and so it is not necessary to discuss in detail the operation of these doctrines.

Because of his conviction of criminal tax fraud under section 7201 for each of the years 1988, 1989, and 1990, Anthony is estopped to deny that he committed civil tax fraud for 1988 (within the meaning of sec. 6653(b)) and for 1989 and 1990

(within the meaning of sec. 6663).  E.g., <u>Amos v. Commissioner</u>, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965).

Respondent contends that partial summary judgment should also be granted because Anthony is collaterally estopped from denying that there is an underpayment of his joint tax liability for 1988, 1989, and 1990.  The underpayment need not be addressed separately, because under section 6653(b) for 1988 and section 6663 for 1989 and 1990 the existence of an underpayment is an element of fraud.

Both sides recognize that Anthony is permitted to litigate the amount of the underpayment.  Also, based on the materials thus far submitted, it does not appear that Gloria is estopped from disputing any matter that relates to her liability in the instant case, including (if it turns out to be relevant) Anthony's fraud.  <u>Moore v. United States</u>, 360 F.2d 353, 357-358 (4th Cir. 1966); <u>Rodney v. Commissioner</u>, 53 T.C. 287, 306-311 (1969).

Respondent also contends that partial summary judgment should be granted to collaterally estop Anthony from denying that there was a willful omission of income on Forkston's income tax return.  This contention is raised for the first time in respondent's Reply to Petitioners' Response to Respondent's Motion for Summary Judgment.  The collateral estoppel portion of respondent's answer (par. 8) did not refer to any conviction of

Anthony relating to section 7206(2).  Respondent's initial
summary judgment motion papers did not refer to any conviction of
Anthony relating to section 7206(2) in connection with any
collateral estoppel argument.  We will not allow this expansion
of respondent's contentions at this stage of the proceedings.  If
this issue is relevant to the instant case (see <u>Meier v.
Commissioner</u>, 91 T.C. 273, 283-286 (1988); <u>Wright v.
Commissioner</u>, 84 T.C. 636, 643-644 (1985)), then it will have to
be presented at an appropriate time, when petitioners will have a
practical opportunity to respond.  A related motion in a
companion case is discussed in our opinion in <u>Forkston Fireworks
Mfg. Co.  v. Commissioner</u>, T.C. Memo. 1998-188.

Accordingly, we conclude that respondent is entitled to
partial summary judgment that Anthony is estopped to deny that he
committed civil tax fraud for each of the years 1988, 1989, and
1990.  In all other respects, respondent's summary judgment
motion will be denied.

<u>An appropriate order will be
issued granting petitioners' motion
for leave to amend their reply</u>.

<u>An appropriate order will be
issued granting respondent's motion
for summary judgment, but only to</u>

the extent described hereinabove, and denying respondent's motion for summary judgment in all other respects.