T.C. Memo. 2006-41

UNITED STATES TAX COURT

ROBERT HO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1291-05L.              Filed March 14, 2006.

Robert Ho, pro se.

<u>Elaine T. Fuller</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This collection review case is
before the Court on respondent's Motion For Summary Judgment, as
supplemented, and petitioner's Motion For Leave To File Second
Amended Petition.[1]  As explained in detail below, we shall grant

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
                                                  (continued...)

respondent's motion, as supplemented, and deny petitioner's motion.

## Background

At the time that the petition was filed, and at all other relevant times, petitioner resided at 3940 Eagle Rock Blvd. #120, Los Angeles, California 90065 (Eagle Rock address).

### Petitioner's Form 1040 for 2001

On March 6, 2003, petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2001. On the return, petitioner entered zeros on all lines requesting information regarding his income, specifically including line 7 (Wages, Salaries, Tips, Etc.). Petitioner attached to the return a 2-page typewritten statement containing frivolous and groundless tax protester arguments such as:[2] (1) No section of the Internal Revenue Code establishes an income tax liability, or requires that he pay taxes on the basis of a return; (2) the Privacy Act provides that he is not required to file a return; (3) a Form 1040 with zeros is a valid return; (4) he has no income under the definition of income in Merchant's

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner attached a substantively identical 2-page typewritten statement to the petition he filed in docket No. 5407-04S in respect to the taxable year 2000. In that case, the Court rendered a bench opinion in January 2005 holding that respondent did not abuse his discretion in determining to proceed with collection by levy.

Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921); (5) his return is not frivolous; (6) no IRS employee has been delegated authority to determine whether a return is "frivolous" or to impose a frivolous return penalty; (7) the frivolous return penalty may not be applied to him because no legislative regulation implements it; (8) no statute allows the IRS to prepare a return for him because he has filed a "return"; and (9) income, for purposes of the Federal income tax, "can only be a derivative of corporate activity."

Respondent prepared a substitute return for petitioner.[3] On June 6, 2003, respondent issued a 30-day letter in which respondent adjusted petitioner's income tax liability for 2001. On July 6, 2003, respondent received from petitioner a letter asserting the same frivolous and groundless tax protester-type arguments as indicated above.

Respondent's Notice of Deficiency

On August 1, 2003, respondent issued a notice of deficiency for 2001 to petitioner at the Eagle Rock address. In the notice of deficiency, respondent determined a deficiency of $4,809, an addition to tax under section 6651(a)(1) for failure to timely file of $1,202.25, and an addition to tax under section 6654(a)

---

[3] The substitute return in evidence is a blank Form 1040 that reflects only petitioner's name, Social Security number, and filing status. See sec. 6020(b); Swanson v. Commissioner, 121 T.C. 111, 112 n.1 (2003).

for failure to pay estimated tax of $192.19.[4]  The notice of deficiency did <u>not</u> determine an addition to tax under section 6651(a)(2) for failure to pay tax.

The deficiency in income tax is based on respondent's determination that in 2001 petitioner received, but failed to report on an income tax return for that year, wages in the amount of $38,340 from Cerritos Community College.  See <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981).  The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner failed to file a valid income tax return for 2001.  See <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 169-170 (2003); <u>Williams v. Commissioner</u>, 114 T.C. 136 (2000); <u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); <u>Coulton v. Commissioner</u>, T.C. Memo. 2005-199; <u>Frey v. Commissioner</u>, T.C. Memo. 2004-87 n.6.  The addition to tax under section 6654(a) is based on respondent's determination that petitioner, having avoided any withholding of tax from his wages, failed to pay estimated tax.

Petitioner received the notice of deficiency but did not file a petition for redetermination with the Tax Court.  See sec. 6213(a).

---

[4]  Attached to the notice of deficiency was a Form 4549, Income Tax Examination Changes.  The Form 4549 reflected statutory interest under sec. 6601 computed through June 28, 2003.

On December 29, 2003, respondent assessed the determined deficiency of $4,809 "per default of 90 day letter", the addition to tax for late filing in the lesser amount of $1,082.03, the addition to tax for failure to pay estimated tax of $192.19, statutory interest of $554.74, and an addition to tax under section 6651(a)(2) for failure to pay tax in the amount of $504.94.[5] On that same date, respondent sent petitioner a notice and demand for payment (also known as a statutory notice of balance due). Petitioner did not pay the amount owing.

Respondent's Final Notice and Petitioner's Response

On June 2, 2004, respondent sent to petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing in respect to petitioner's outstanding tax liability for 2001.

Respondent received from petitioner a timely Form 12153, Request for a Collection Due Process Hearing (CDP hearing). Petitioner stated in Form 12153 that he disagreed with the

---

[5] At the hearing, respondent proffered Form 4340, Certificate of Assessments, Payments, And Other Specified Matters, which the Court received into evidence. According to Form 4340, the addition to tax under sec. 6651(a)(1), as determined in the Aug. 1, 2003 notice of deficiency, was $1,202.25; i.e., 25 percent of the determined deficiency. The addition to tax under sec. 6651(a)(1), as assessed on Dec. 29, 2003, was $1,082.03; i.e., 22.5 percent of the determined deficiency. The date on which the assessment was made, and the reduction in the amount of the addition to tax under sec. 6651(a)(1), demonstrate that respondent assessed the addition to tax for late payment under sec. 6651(a)(2), and not an addition to tax under sec. 6651(a)(3), as alleged by petitioner in his proposed second amended petition. See sec. 6651(c)(1).

assessment, that he would explain the reason for his disagreement in a face-to-face CDP hearing, and that he would record the CDP hearing.

On November 3, 2004, respondent's Appeals Office sent to petitioner a letter advising petitioner that respondent assigned the case to an Appeals officer. The assigned Appeals officer also sent two letters to petitioner on November 3, 2004. In the first letter, the Appeals officer acknowledged receipt of Form 12153 and requested petitioner to submit, within 15 days of the letter, a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and petitioner's 2003 return in order for the Appeals officer to consider collection alternatives in a CDP hearing. The Appeals officer also stated that he would contact petitioner after 15 days from the date of the letter to schedule a CDP hearing. In the second letter, the Appeals officer limited petitioner's CDP hearing to a telephone conference or discussion by correspondence because petitioner raised only frivolous and groundless arguments in Form 12153. The Appeals officer, however, notified petitioner that he could have a face-to-face CDP hearing to address legitimate issues if petitioner would so advise the Appeals officer of such issues within 15 days of the date of the letter.

Petitioner responded by letter dated November 15, 2004, repeating his entitlement to a face-to-face CDP hearing and his

right to challenge the underlying tax liability.  Petitioner further alleged that Form 433-A was not required in order to have a CDP hearing.  Petitioner did not, as requested by the Appeals officer, "describe the legitimate issues you will discuss".

## Respondent's Notice of Determination

On December 16, 2004, respondent sent to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for the taxable year 2001 determining that the proposed levy action was appropriate. An attachment to the notice of determination stated, inter alia: "You have made no other proposal for resolution through payment(s)".

## Petitioner's Petition

On January 18, 2005, petitioner filed an imperfect petition. See sec. 7502(a).  He attached to the imperfect petition the notice of determination for the taxable year 2001.[6]  See sec. 6330(d)(1)(A); Rules 330-334.

---

[6] Petitioner also attached to the petition a notice of determination dated Dec. 16, 2004, relating to civil frivolous return penalties under sec. 6702 for the taxable years 2001 and 2002.  Respondent filed a Motion To Dismiss For Lack Of Jurisdiction And To Strike As To Civil Penalties, which the Court granted.  We note that respondent filed the same motion in docket No. 5407-04S in respect to the taxable year 2000, which the Court also granted.

On March 18, 2005, petitioner filed an amended petition and checked the box for "Petition for Redetermination of a Deficiency".[7]  Paragraph 4 of the petition states:

> No collection due process hearing was held before the determination was issued.  Under IRC 6320, 6330 I have the right to a fair hearing, and was denied the right to the hearing.

Respondent's Motion For Summary Judgment

On August 12, 2005, respondent filed a Motion For Summary Judgment, together with a Declaration from the Appeals officer with attached exhibits.

By Order dated August 15, 2005, the Court directed petitioner to file an objection or other response to respondent's motion on or before September 12, 2005.

On September 8, 2005, petitioner filed a motion for an extension of time to respond to respondent's motion.  By Order dated September 8, 2005, the Court granted petitioner's motion and extended the time within which petitioner was to respond to respondent's motion to September 30, 2005.

Petitioner did not file a response within the period specified in the Court's September 8, 2005 Order.

---

[7]  The Court has treated this pleading as a Petition for Lien or Levy Action (Collection Action).

Petitioner's Motions

    A.  Petitioner's Motion To Remove Small Tax Case Designation

    On October 7, 2005, petitioner filed a Motion To Remove Small Tax Case Designation.  In the motion, petitioner alleges:

> At the time he made the small tax case designation, Petitioner did not at all comprehend the import of the respondent's not having to file an answer to his amended petition and the petitioner's (and the respondent's) inability to appeal any adverse decision of this Court to a Circuit Court of Appeals.

    Petitioner did not state whether respondent objected to the motion.

    B.  Petitioner's Motion For Leave To File Second Amended Petition

    Also on October 7, 2005, petitioner filed a Motion For Leave To File A Second Amended Petition.  Petitioner lodged a proposed second amended petition with the motion for leave.  In support of his motion for leave, petitioner alleges that the amended petition "neither adequately sets forth grounds of error in respondent's determination, nor facts in support thereof, in sufficient detail to apprise both the Court and respondent of petitioner's actual litigating position" and that the second amended petition sets forth "only substantive and non-frivolous arguments".  Petitioner did not state whether respondent objected to the motion.  Petitioner also requested that the Court hold respondent's motion for summary judgment in abeyance.

In the proposed second amended petition lodged with the Court, petitioner alleges: (1) Respondent failed to unconditionally offer petitioner a face-to-face CDP hearing near petitioner's residence; (2) respondent denied petitioner the right to audio record "any in-person interview"; (3) respondent failed to verify that all applicable law or administrative procedure was met; (4) respondent's denial to conduct the face-to-face CDP hearing "prevented petitioner from offering certain valid collection alternatives, such as the posting of a bond and the substitution of other assets"; (5) respondent denied petitioner the right to challenge the underlying tax liability, specifically, the addition to tax under section 6651(a)(3) and accrued interest under section 6601;[8] (6) respondent failed to balance the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary; and (7) the Appeals officer was biased.

By Order dated October 12, 2005, the Court calendared respondent's motion for summary judgment, petitioner's motion to remove small tax case designation, and petitioner's motion for leave to file second amended petition for hearing at the Court's trial session in Los Angeles, California, on October 31, 2005.

---

[8] See supra note 5.

Respondent's Motion In Limine

On October 21, 2005, respondent filed a Motion In Limine to preclude petitioner from introducing any testimony or documentary evidence challenging the existence or amount of his underlying tax liability.

Respondent relied on the following predicate facts in support of his motion in limine:  (1) Respondent issued a notice of deficiency for 2001 to petitioner at his last known address; (2) petitioner received the notice of deficiency; and (3) petitioner failed to file a petition for redetermination with the Court.  See sec. 6213(a).  Respondent therefore argued that petitioner is precluded from challenging the underlying tax liability, including additions to tax and interest, in this section 6330 proceeding.

Hearing

On October 31, 2005, this matter was called for hearing at the Court's trial session in Los Angeles, California.  Counsel for respondent appeared and presented argument.[9]  Although petitioner did not appear at the hearing, he filed with the Court the following:  (1) Petitioner's Tax Court Rule 50(c) Statement In Support Of Petitioner's Motion To Remove Small Tax Case Designation, (2) Petitioner's Tax Court Rule 50(c) Statement In

---

[9]  At the hearing, the Court denied respondent's oral motion to dismiss this case for lack of prosecution.

Support Of Petitioner's Motion For Leave To File Second Amended Petition, and (3) Petitioner's Tax Court Rule 50(c) Statement In Opposition To Respondent's Motion For Summary Judgment.

Over respondent's objection, the Court granted petitioner's motion to remove small tax case designation to preserve petitioner's right to appeal any adverse decision against him. The allegations in petitioner's amended petition filed March 18, 2005, were deemed denied based on respondent's denial of those allegations with the exception of petitioner's Social Security number.

With respect to respondent's motion in limine, the Court concluded that petitioner had received the notice of deficiency and that he had failed to file a petition for redetermination with the Court.  Accordingly, the Court granted respondent's motion in limine in that petitioner is precluded from introducing any testimony or documentary evidence challenging the determinations raised in the notice of deficiency; i.e., the amount or existence of the deficiency, the addition to tax for failure to file, and the addition to tax for failure to pay estimated tax.

With respect to petitioner's motion for leave to file second amended petition, respondent argued that the issues raised in the proposed second amended petition were the same issues that respondent addressed, and supported by exhibits, in his motion

for summary judgment.  In his Rule 50(c) statement, petitioner argued on procedural grounds that respondent is obliged to file an answer regardless of whether the Court grants the motion for leave.

With respect to respondent's motion for summary judgment, petitioner's Rule 50(c) statement did not challenge the merits of the motion but rather asserted on procedural grounds that the motion would be premature under Rule 121 if the Court granted petitioner's motion to remove small tax case designation because respondent would be required to file an answer.

At the conclusion of the hearing, the Court took petitioner's motion for leave to file second amended petition and respondent's motion for summary judgment under advisement.

Supplement To Respondent's Motion For Summary Judgement

On November 30, 2005, respondent filed a Supplement To Respondent's Motion For Summary Judgment.

In the supplement, respondent contends that petitioner may not raise in this proceeding the issues with respect to "whether interest and penalties were correctly computed and whether reasonable cause exists to waive the assertion of penalties" because petitioner failed to raise these issues during the CDP hearing.

In light of petitioner's allegation in his proposed second amended petition concerning the addition to tax under "section

6651(a)(3)" and respondent's assertion in his motion for summary judgment, as supplemented, the Court issued an Order dated December 15, 2005, directing the parties to supplement their respective motions in certain respects by January 13, 2006. Specifically, the Court directed respondent to state the basis on which he assessed the addition to tax under section 6651(a)(2) when such addition was never determined in the notice of deficiency, nor summarily assessed pursuant to sections 6020(b) and 6651(g)(2). The Court also directed petitioner to provide a precise interest computation that mathematically demonstrates the basis for his allegation that respondent did not correctly compute the interest assessed, to clearly specify the applicable interest rate, the period of time to which each rate is applicable, and the principal amount against which the interest rate is applied.

Petitioner did not file a supplement as directed in the Court's December 15, 2005 Order.

Second Supplement To Respondent's Motion For Summary Judgment

On January 13, 2006, respondent filed a Second Supplement To Respondent's Motion For Summary Judgment. In the second supplement, respondent conceded that the addition to tax under section 6651(a)(2) may not be assessed and collected from petitioner for taxable year 2001. Respondent further stated that he would abate the previously assessed addition to tax under

section 6651(a)(2) in the amount of $504.94, as well as any interest assessed with respect to such amount.

## Discussion

The matters remaining before the Court are respondent's motion for summary judgment, as supplemented, and petitioner's motion for leave to file second amended petition.

A.  Collection Actions-General Rules

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c)(1) imposes on the Appeals Office an obligation to verify that the requirements of any applicable law or administrative procedure have been met.  Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) further provides that the existence and amount of

the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180-181; see also Magana v. Commissioner, 118 T.C. 488, 492 (2002); Wooten v. Commissioner, T.C. Memo. 2003-113.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

It is well settled that where the validity of the underlying tax liability is properly at issue in a collection review proceeding, the Court will review the matter on a de novo basis. Goza v. Commissioner, supra at 181-182.

Where the validity of the underlying tax liability, however, is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Id.  In reviewing for abuse of discretion, we generally consider "only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office."  Magana v. Commissioner, supra at 493.  Furthermore, in reviewing the determination of an Appeals Office that a taxpayer is not entitled to a collection alternative, we have held that such a determination does not

constitute an abuse of discretion if the taxpayer was not currently in compliance with Federal tax laws.  E.g., <u>Rodriquez v. Commissioner</u>, T.C. Memo. 2003-153; <u>Moorhous v. Commissioner</u>, T.C. Memo. 2003-183; <u>Londono v. Commissioner</u>, T.C. Memo. 2003-99.

B.  <u>Petitioner's Motion For Leave To File Second Amended Petition</u>

We shall begin with petitioner's motion for leave to file second amended petition.

Rule 41(a) provides that leave to amend "shall be given freely when justice so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court stated that leave to amend may be inappropriate where there is:

> any apparent or declared reason--such as undue delay,
> bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility
> of amendment, etc. * * *

With respect to a motion to amend, a significant inquiry is whether or not the moving party would prevail on the merits. <u>Russo v. Commissioner</u>, 98 T.C. 28, 31 (1992).  In exercising its discretion, the Court may deny petitioner's motion for leave to amend if permitting an amended petition would be futile. <u>Klamath-Lake Pharm. Association v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983).

On October 7, 2005, petitioner filed a motion for leave to file second amended petition.  Respondent objects to the granting of this motion, and, we therefore must use our discretion in

deciding whether to grant or deny petitioner's motion for leave. See Kramer v. Commissioner, 89 T.C. 1081, 1084-1085 (1987).

In the motion for leave, petitioner argues that the proposed second amended petition adequately sets forth the grounds for errors in respondent's determination, as well as the facts in support thereof, to apprise the Court and respondent of petitioner's actual litigating position. Significantly, however, petitioner's proposed second amended petition principally raises the same issues that are addressed, and supported by exhibits, in respondent's motion for summary judgment, as supplemented, which is discussed in detail below. See Discussion, infra par. C.

The proposed second amended petition, however, raises, for the first time, the issue of interest.[10] Specifically, petitioner alleges that he is not liable for interest assessed under section 6601 because it was not determined in the notice of deficiency and, in the alternative, that respondent incorrectly computed the amount of accrued interest. Assuming arguendo that

---

[10] Petitioner's proposed second amended petition also raised for the first time a challenge to an addition to tax under "sec. 6651(a)(3)". As previously discussed, the record reflects that respondent assessed an addition to tax under sec. 6651(a)(2), and not sec. 6651(a)(3). Respondent, however, conceded that petitioner is not liable for the addition to tax under sec. 6651(a)(2), and has indicated that the addition (and related interest) will be abated.

petitioner may raise this issue in this proceeding,[11] we conclude that he would not prevail on the merits.

Generally, interest on a Federal income tax liability begins to accrue from the last date prescribed for payment of that tax and continues to accrue, compounding daily, until payment is made. Secs. 6601(a), 6622. Section 6601(g) further allows respondent to assess and collect interest at any time during the period within which the underlying tax may be collected. See sec. 301.6601-1, Proced. & Admin. Regs. The manner of assessing interest is the same as assessing tax; that is, interest is assessed by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations. Sec. 6203. Unlike the assessment procedure for income taxes, however, a notice of deficiency is not required before assessing interest.[12] See sec. 6213(a). In sum, a taxpayer is liable for

---

[11] Generally, the right to challenge the existence and amount of underlying tax liability encompasses the right to challenge the existence and amount of disputed interest thereon. Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004). The facts in Urbano, however, are distinguishable from the present case. In Urbano, the taxpayers did not receive a notice of deficiency because they waived their right to contest the findings in Form 4549. Form 4549, however, did not include a finding with respect to disputed interest. In their sec. 6320 hearing, the taxpayers challenged their liability for sec. 6601 interest and claimed interest abatement. Under the facts of that case, the Court held that we had jurisdiction to redetermine interest.

[12] As applicable herein, sec. 6213(a) applies to the assessment of a deficiency in respect of any tax imposed by subtitle A (income taxes).

interest on a deficiency until the deficiency is paid or otherwise abated. We therefore conclude that petitioner is liable for interest under section 6601.

With respect to redetermining assessments of interest pursuant to section 6601, however, our jurisdiction is limited. First, section 7481(c) provides that if within 1 year after a decision of the Tax Court becomes final, the taxpayer files a petition to redetermine interest, the Tax Court has overpayment jurisdiction with regard to interest. See Med James, Inc. v. Commissioner, 121 T.C. 147, 151 (2003). Second, section 6404(h)(1) provides the Tax Court with jurisdiction to review whether the Commissioner's refusal to abate interest under section 6404 was an abuse of discretion.

In regard to redetermining the assessment of interest, we find it significant that petitioner failed to submit a computation demonstrating the basis for his allegation as specifically directed by the Court in its December 15, 2005 Order. In light of his own noncompliance, petitioner has not in good faith placed a triable issue in dispute. In the absence of supporting facts that would show the assessed amounts are in error, petitioner's allegation fails to rise to the level of a cognizable claim that would provide a basis for us to grant relief. See Rule 331(b)(5).

Even if we were to broadly construe petitioner's allegation

to encompass interest abatement, petitioner would be precluded from raising this issue in the instant proceeding because he failed to raise interest abatement with the Appeals officer. Sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see Magana v. Commissioner, 118 T.C. at 493; Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001).  In any event, petitioner has not alleged a ministerial or managerial error warranting an abatement of interest.  See sec. 6404(e)(1).

Under the facts of this case, we conclude that granting the motion for leave would be futile and contrary to the interests of justice.  Accordingly, we deny petitioner's motion for leave to file second amended petition.

C.  Respondent's Motion For Summary Judgment

We now turn to respondent's motion for summary judgment, as supplemented.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy

> if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

In the amended petition filed March 18, 2005, petitioner contends that he was denied a proper hearing under section 6330.

However, hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). Taxpayers are generally entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may be conducted telephonically or by correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file. See, e.g., Taylor v. Commissioner, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th

Cir. 2005); Leineweber v. Commissioner, T.C. Memo. 2004-17; Armstrong v. Commissioner, T.C. Memo. 2002-224; Gougler v. Commissioner, T.C. Memo. 2002-185; Mann v. Commissioner, T.C. Memo. 2002-48. Thus, a face-to-face meeting is not invariably required.

With respect to the instant matter, the record reflects that the Appeals officer provided petitioner with an opportunity for a face-to-face hearing if petitioner would advise the Appeals officer of the legitimate issues petitioner intended to raise at the hearing. Petitioner responded by letter reiterating frivolous and groundless tax protester arguments. Further, petitioner failed to indicate any legitimate issues to be addressed in the hearing, such as spousal defenses, the appropriateness of the Commissioner's intended collection action, possible alternative means of collection, or interest abatement.[13] In light of petitioner's frivolous arguments, a

---

[13] We note that petitioner alleged in his proposed second amended petition that because respondent denied petitioner a hearing, petitioner was not able to raise collection alternatives. Petitioner, however, failed to raise any collection alternative with the Appeals officer and refused to submit a Form 433-A. In light of the record before us and given petitioner's tax protester agenda, we are not persuaded that petitioner intended or intends to raise legitimate collection alternatives. See Rodriguez v. Commissioner, T.C. Memo. 2003-153; Moorhous v. Commissioner, T.C. Memo. 2003-183; Londono v. Commissioner, T.C. Memo. 2003-99 and to the effect that a determination by an Appeals Office that a taxpayer is not entitled to a collection alternative is not an abuse of discretion if the taxpayer was not currently in compliance with

(continued...)

face-to-face hearing in this case would not have been, nor would it be, productive.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).  There is simply no requirement that a face-to-face hearing must be offered to a taxpayer who merely wishes to pursue a tax protest agenda.

Furthermore, the record reflects that respondent properly verified that the requirements of applicable law and administrative procedures were met and that he balanced the need for efficient collection of taxes with the legitimate concern that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).  Accordingly, respondent's determination to proceed with the proposed levy was appropriate.

After carefully reviewing the record, respondent did not abuse his discretion in sustaining the notice of intent to levy as to petitioner.  We are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.  Accordingly, we shall grant respondent's Motion For Summary Judgment, filed August 12, 2005, and supplemented November 30, 2005, and January 13, 2006, and thereby sustain the notice of determination, subject to respondent's concession of the addition to tax under section 6651(a)(2) and interest thereon.

---

[13](...continued)
Federal tax laws.

D. <u>Conclusion</u>

   To reflect the foregoing,

<u>An appropriate order will be entered denying petitioner's motion for leave to file second amended petition and granting respondent's motion for summary judgment, as supplemented, subject to respondent's concession noted above.</u>