T.C. Memo. 2006-238


UNITED STATES TAX COURT


LOUIS P. MITCHELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19258-04L.               Filed November 6, 2006.


Louis P. Mitchell, pro se.

<u>David R. Jojola</u> and <u>Elaine Fuller</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's Rule 121 motion for summary judgment and petitioner's opposition thereto.

The issue for decision is whether respondent's Appeals Office abused its discretion in sustaining a notice of levy

against petitioner without offering petitioner a face-to-face hearing.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioner resided in Casper, Wyoming.

For 2000 through 2003, petitioner did not file Federal income tax returns and apparently did not pay Federal income taxes. Based on third-party information returns, respondent prepared substitute returns for petitioner for the above years.

In 2002, respondent mailed to petitioner a notice of deficiency relating to petitioner's 2000 Federal income tax liability in the approximate amount of $26,000.[1] Petitioner did not file a petition in this Court with regard to respondent's notice of deficiency for 2000.

On September 29, 2003, respondent assessed against petitioner the above $26,000 Federal income tax deficiency for 2000, and respondent mailed to petitioner a first notice and demand for payment thereof, plus penalties and interest.

---

[1]Respondent apparently has not determined tax deficiencies relating to petitioner's 2001, 2002, or 2003 Federal income taxes.

Respondent periodically mailed to petitioner additional collection notices relating to this assessment.

On January 29, 2004, respondent mailed to petitioner a notice of intent to levy relating to petitioner's outstanding 2000 Federal income taxes, penalties, and interest, showing a total due from petitioner of $43,883.

On February 17, 2004, respondent received petitioner's request for an Appeals Office hearing in which petitioner stated that he: (1) Had issues to discuss in connection with the notice; (2) expected to discuss those issues at a face-to-face hearing; and (3) planned to audiotape the hearing. Petitioner, however, did not identify a single specific issue in his Appeals Office hearing request.

On July 8, 2004, respondent's Appeals officer mailed an initial letter (initial letter) to petitioner in which he informed petitioner of an Appeals Office policy against conducting face-to-face hearings with taxpayers where taxpayers do not identify specific issues prior to the hearing. The Appeals officer provided petitioner with examples of appropriate issues, requested that petitioner by July 23, 2004, provide written notice of the issues petitioner wished to raise, warned petitioner against making frivolous arguments, and proposed alternate telephonic hearing dates -- July 29, 2004, and August 2, 2004.

Petitioner did not respond to respondent's initial letter by the July 23, 2004, stated deadline.

On July 27, 2004, petitioner mailed a letter to respondent's Appeals officer in which petitioner again refused to identify specific issues,[2] and in which petitioner reiterated his intent to tape record the hearing. In his letter, petitioner erroneously claimed that, if he identified specific issues prior to the hearing, he somehow would be precluded from adding to those issues at the hearing.

On July 29, 2004, and on August 2, 2004, the Appeals officer attempted to contact petitioner by telephone. On both dates, no one answered at the phone number petitioner had provided.

Later on August 2, 2004, the Appeals officer mailed another letter to petitioner (final letter) in which the Appeals officer noted that petitioner had not yet identified specific issues, and the Appeals officer again requested that petitioner identify specific issues to be considered at a face-to-face hearing. The final letter also set an August 12, 2004, deadline for petitioner to identify specific issues or the Appeals officer would decide petitioner's appeal based solely on information already in the administrative file.

---

[2]Petitioner now contends that he did not receive respondent's notice of deficiency relating to 2000 and therefore that, at the Appeals Office hearing, he should have been entitled to challenge the underlying tax liability. Petitioner, however, did not raise the issue of receipt of respondent's notice of deficiency in his communications with the Appeals Office.

Petitioner did not reply either by writing, as requested, or by telephone, to the Appeals officer's final letter.

On September 1, 2004, the Appeals officer reviewed petitioner's administrative file, concluded that the proposed levy was appropriate, and mailed to petitioner a notice of determination sustaining respondent's levy notice.

On a motion for summary judgment, we decide whether there is a genuine issue as to any material fact. Rule 121(b). Reviewing the facts in the light most favorable to the nonmoving party, Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985), we decide whether the moving party has shown that: (1) There is no genuine issue of material fact, Craig v. Commissioner, 119 T.C. 252, 260 (2002); and (2) the moving party is entitled to a favorable judgment according to controlling legal principles, Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

Where the underlying tax liability is not in dispute, abuse of discretion is the standard of review in Appeals Office hearing cases. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).

Upon proper and timely request, section 6330 requires respondent to provide taxpayers with an Appeals Office hearing relating to a notice of proposed levy. Sec. 6330(b)(1).

We have consistently held that a face-to-face hearing is not invariably required: Where a taxpayer's rights are not affected by the absence of a face-to-face hearing, Gougler v. Commissioner, T.C. Memo. 2002-185; where a taxpayer fails to

cooperate with respondent's Appeals officer, <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); where a taxpayer requests an Appeals Office hearing to cause delay, <u>Nestor v. Commissioner</u>, T.C. Memo. 2002-251 (2002); or where a taxpayer raises frivolous issues and arguments, <u>id.</u>

While petitioner has not raised frivolous issues, petitioner did cause delay and has refused to identify any specific issues in spite of repeated requests and opportunities to do so.  At least one other taxpayer was unsuccessful in using delaying tactics similar to those petitioner now uses.  See <u>Ho v. Commissioner</u>, T.C. Memo. 2006-41.

On the available administrative record, we conclude that respondent's Appeals Office did not abuse its discretion in making a determination sustaining respondent's notice of levy where petitioner herein did not identify specific issues relevant to an Appeals Office hearing, did not give the Appeals officer a reasonable explanation as to why issues could not be identified prior to the hearing, and did not participate in the offered telephonic hearing.

Other arguments raised by petitioner have been considered and are rejected.

To reflect the foregoing,

An appropriate order and

decision will be entered for

respondent.