T.C. Memo. 2008-25

UNITED STATES TAX COURT

SALVATORE A. D'ONOFRIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23592-05L.                    Filed February 12, 2008.

Salvatore A. D'Onofrio, pro se.

<u>Patricia P. Wang</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion for partial summary judgment filed under Rule 121.[1]

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

## Background

This is an appeal from respondent's determination to proceed with the collection of petitioner's 1990, 1991, 1992, 1993, and 1999 Federal income tax liabilities.[2]  Petitioner resided in Redondo Beach, California, when his petition was filed.

Petitioner failed to file Federal income tax returns for 1990, 1991, 1992, and 1993.  Respondent prepared substitutes for returns under section 6020(b) for 1990, 1991, 1992, and 1993.  Respondent subsequently determined a deficiency in petitioner's tax liability for each of these years.

On April 14, 1995, respondent mailed to petitioner a notice of deficiency for 1990 and 1991.  Respondent sent the notice to the following address:  S. A. D'ONOFRIO, ORANGE COUNTY, C/O 676 CATALINA, AKA LAGUNA BEACH, CALIFORNIA.  Petitioner refused to accept delivery of the notice, and on April 20, 1995, respondent received the returned notice of deficiency with the words "Refused for Cause UCC 3-501" handwritten on the envelope.  On April 20 and September 13, 1995, respondent received letters from petitioner marked "REFUSAL FOR CAUSE UCC 3-501 Without Dishonor" in which petitioner raised various frivolous arguments regarding

---

[2]Respondent's motion for partial summary judgment pertains only to tax years 1990 through 1993.  Respondent concedes that petitioner did not have a prior opportunity to contest his underlying tax liability for 1999.  Accordingly, respondent concurrently filed a motion for continuance so that he could have an opportunity to resolve petitioner's 1999 liability.  On Feb. 5, 2007, we granted respondent's motion for continuance.

his refusal to accept delivery of correspondence from respondent.[3]  On October 9, 1995, respondent assessed additional tax, additions to tax, and interest against petitioner for 1990 and 1991.

On February 16, 1996, respondent mailed to petitioner a notice of deficiency for 1992 and 1993.  Respondent sent the notice to the following address:  Salvatore A. D'Onofrio, 676 Catalina Street, Laguna Beach, CA 92651-2545.  Petitioner again refused to accept delivery of the notice, and on February 23, 1996, respondent received the returned notice of deficiency with the words "Refused for Cause UCC 3-501 Without Dishonor" handwritten on the envelope.

Petitioner failed to petition this Court with respect to the April 14, 1995, and February 16, 1996, notices of deficiency.

On June 1, 2005, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1990, 1991, 1992, and 1993.  In response, petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioner indicated that he disagreed with the proposed levy and requested an audiotaped face-to-face hearing.  Petitioner did not provide a phone number in his request.

---

[3]In the letters, petitioner argued that he did not have an "address" but listed a mailing location at which he could be reached:  "Salvatore A. D'Onofrio, Non Domestic Mail, c/o 676 Catalina, Laguna Beach, California".

On September 27, 2005, respondent's Appeals Office sent a letter to petitioner explaining that a face-to-face hearing would not be granted because petitioner raised only frivolous or groundless arguments. The Appeals Office scheduled a telephone hearing for October 27, 2005, at 8:30 a.m. and instructed petitioner to call the phone number provided in the letter at the given time.

In a letter dated October 6, 2005, petitioner argued that he never received a notice of deficiency for 1999 and disputed his tax liability for that year, but he stated that he did not want a hearing for 1990 through 1993. Petitioner also failed to call the Appeals officer on the scheduled hearing date, and the Appeals officer was unable to contact petitioner because petitioner failed to provide his phone number.

On November 8, 2005, the Appeals officer issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which the Appeals officer sustained the proposed collection action for 1990, 1991, 1992, and 1993.

On December 6, 2005, petitioner mailed a letter to the Court that was received and filed on December 12, 2005, as an imperfect petition. The Court ordered petitioner to submit a proper amended petition because his original imperfect petition did not conform with the Rules. On February 6, 2006, the Court received

and filed petitioner's amended petition.  In his amended petition, petitioner argues that respondent improperly denied him a face-to-face section 6330 hearing.

Discussion

I.   Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but "must set forth

specific facts showing that there is a genuine issue for trial."
Rule 121(d); <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 820-821.

## II. Determination To Proceed With Collection

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. In so doing, the Appeals Office is required to take into consideration (1) the verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

Section 6330(d)(1) grants the Court jurisdiction to review the determination made by the Appeals officer at the hearing. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).

A taxpayer is precluded from contesting the existence or amount of his underlying tax liability at his section 6330 hearing unless the taxpayer failed to receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, supra at 609. For purposes of section 6330(c)(2)(B), receipt of a notice of deficiency means receipt in time to petition this Court for redetermination of the deficiency asserted in such notice. Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. Section 6330(c)(2)(B) indicates that receipt of the notice of deficiency by the taxpayer is required. See Sego v. Commissioner, supra at 610-611; see also Sapp v. Commissioner, T.C. Memo. 2006-104; Calderone v. Commissioner, T.C. Memo. 2004-240; Tatum v.

<u>Commissioner</u>, T.C. Memo. 2003-115.  The Court may conclude that the receipt requirement of section 6330(c)(2)(B) is met if the taxpayer deliberately refused delivery of the notice.  See <u>Sego</u> <u>v. Commissioner</u>, <u>supra</u> at 611 ("taxpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency").

Petitioner asserts various frivolous arguments relating to his underlying tax liabilities for 1990-93.  However, petitioner is precluded from contesting his underlying tax liabilities for those years because petitioner deliberately refused delivery of the notices of deficiency mailed by respondent.[4]  The record reflects that petitioner received the envelopes containing the notices of deficiency but returned the notices to respondent with "Refusal for Cause UCC 3-501" and "Refused for Cause UCC 3-501 Without Dishonor" handwritten on the envelopes.  Petitioner later sent letters further referencing UCC 3-501 asserting numerous frivolous arguments as to why he refused delivery of the notices of deficiency.  Because the undisputed facts establish that petitioner explicitly declined to accept delivery of the notices of deficiency, we conclude that petitioner received effective notice despite his refusal to accept delivery.  See <u>id.</u>

---

[4]Petitioner does not dispute that he deliberately refused delivery of the notices of deficiency, nor does he deny that he wrote on the envelopes containing the notices.

Petitioner is therefore prohibited from challenging his underlying tax liabilities for 1990 through 1993.

With respect to the validity of the section 6330 hearing, petitioner argues that respondent improperly denied him a face-to-face section 6330 hearing. We disagree. Although a hearing may consist of a face-to-face meeting, a proper section 6330 hearing may also occur by telephone or by correspondence under certain circumstances. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Petitioner was offered a telephone hearing but chose not to participate. In addition, petitioner was offered a face-to-face hearing if he would identify legitimate, relevant, and nonfrivolous issues he intended to discuss. Petitioner did not respond. The only correspondence petitioner sent respondent after the Form 12153 hearing request indicated that petitioner no longer wanted a section 6330 hearing for 1990 through 1993. Under these circumstances, we conclude that it is neither necessary nor productive to remand this case for a face-to-face hearing. See Lunsford v. Commissioner, supra.

If a taxpayer has been given a reasonable opportunity for a hearing and has failed to avail himself of that opportunity, this Court has approved the Commissioner's determination to proceed with collection on the basis of an Appeals officer's review of the case file. See, e.g., Bean v. Commissioner, T.C. Memo.

2006-88; <u>Ho v. Commissioner</u>, T.C. Memo. 2006-41; <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17.  Petitioner was given the opportunity for a hearing and failed to take advantage of it.  We conclude, therefore, that there is no genuine issue of material fact requiring a trial, that the undisputed facts in the record establish that respondent did not abuse his discretion in determining that the proposed collection action could proceed, and that respondent is entitled to a summary disposition upholding his proposed collection action with respect to petitioner's unpaid tax liabilities for 1990 through 1993.

We shall grant respondent's motion for partial summary judgment.

<u>An appropriate order</u>

<u>will be issued</u>.